**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3478
_____

UNITED STATES OF AMERICA

v.

FRANCISCO TEODORO AZCONA-POLANCO


Francisco Azcona-Polanco,
                                    Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-15-cr-00504-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2017
_____

Before: AMBRO, VANASKIE and RESTREPO,
<u>Circuit Judges</u>.

(Filed: July 27, 2017)
_____

Christopher O'Malley
Office of Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, NJ 08102,
        *Counsel for Appellant*

Paul J. Fishman
Mark E. Coyne
Desiree L. Grace
Office of United States Attorney
970 Broad Street
Newark, NJ 07102
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RESTREPO, <u>Circuit Judge</u>.

Deportable immigrants are presumptively exempt from the discretionary imposition of supervised release under Section 5D1.1(c) of the Sentencing Guidelines. Appellant Francisco Azcona-Polanco, a deportable immigrant, argues that the District Court committed a procedural sentencing error by sentencing him to a term of supervised release without an adequate explanation. We write to clarify the procedural obligations of a district court under Section

5D1.1(c). Azcona-Polanco also challenges his sentence of imprisonment as substantively unreasonable. On both claims, we will affirm.

**I**

Azcona-Polanco, a citizen of the Dominican Republic, was admitted to the United States as a lawful permanent resident in 1972. In 1994, he was ordered removed based upon a conviction for heroin distribution, but never left the country. In 1997, Azcona-Polanco was convicted of conspiracy to violate federal narcotics laws and sentenced to 168 months' incarceration. He was deported at the expiration of his federal sentence in 2009, but thereafter reentered the United States illegally and assumed an alias, having purchased a citizen's birth certificate and Social Security card.

Azcona-Polanco was arrested and later pled guilty to illegal reentry, 8 U.S.C. §§ 1326(a) and (b)(2). His sentencing range was 41 to 51 months. The Guideline range for a term of supervised release was 1 to 3 years, U.S.S.G. § 5D1.2(a)(2), with a statutory maximum of 3 years, 18 U.S.C. § 3583(b)(2).[1] Azcona-Polanco, however, was presumptively exempt from supervised release under Section 5D1.1(c) because he is a deportable immigrant. U.S.S.G. § 5D1.1(c). At least two documents submitted to the District

---

[1] All references to the Sentencing Guidelines refer to the 2015 edition of the Guidelines Manual. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

Court noted this presumption: the Presentence Investigation Report and Azcona-Polanco's sentencing memorandum.

The District Court sentenced Azcona-Polanco to 41 months' imprisonment and 3 years' supervised release. As to the term of supervised release, the Court stated, "Now clearly I understand that he's going to be deported . . . , and if he follows the law and does not reenter the United States, he obviously will never have to report on a regular basis to Probation. Nevertheless I'm imposing this condition in case he does illegally reenter the United States he must report in person to Probation." App. 71. The District Court also stated generally that "[t]here is obviously a need for specific deterrence because he keeps coming back when he's been told not to come back." App. 70. Azcona-Polanco did not object to the imposition of supervised release.

**II**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review Azcona-Polanco's claim that the District Court committed a procedural sentencing error for "plain error" because he failed to object in the District Court. Fed. R. Crim. P. 52(b). The plain error test requires (1) an error; (2) that is "clear or obvious" and (3) "affected the defendant's substantial rights, which in the ordinary case means he or she must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez*

4

*Benitez*, 542 U.S. 74, 76, 82 (2004)). If these conditions are met, we will exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). We review Azcona-Polanco's claim that his sentence of imprisonment is substantively unreasonable for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III

### A

At sentencing, a district court conducts a familiar, three-step procedure. First, it calculates the applicable Guideline range. Second, the court rules on any motions for departure. Third, after considering the parties' arguments and the Section 3553(a) factors, it determines the appropriate sentence, which may vary from the Guideline range. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

A district court must impose a term of supervised release where required by statute or, as here, may do so in the exercise of its discretion. 18 U.S.C. § 3583(a); *see also* U.S.S.G. § 5D1.1; U.S.S.G. § 5D1.1, cmt. n.1. When determining whether to impose a discretionary term of supervised release, it considers certain Section 3553(a) factors. 18 U.S.C. § 3583(c) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)); *see also* U.S.S.G. § 5D1.1, cmt. n.3.

Deportable immigrants are presumptively exempt from the discretionary imposition of supervised release per a 2011

5

amendment to the Sentencing Guidelines. U.S.S.G. Supp. App. C, Amend. 756. This amendment created Section 5D1.1(c), which provides: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

The commentary to Section 5D1.1(c) reiterates the presumption against supervised release, explains its rationale, and provides circumstances in which supervised release may be warranted:

> In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence

and protection based on the facts
and circumstances of a particular
case.

U.S.S.G. § 5D1.1(c), cmt. n.5.

In adopting Section 5D1.1(c), the Sentencing Commission noted that "recent changes in our immigration law have made removal nearly an automatic result for a broad class of noncitizen offenders." U.S.S.G. Supp. App. C, Amend. 756, Reason for Amendment (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). While supervised release is not "automatically extinguished by deportation," *United States v. Williams*, 369 F.3d 250, 253 (3d Cir. 2004), the Sentencing Commission concluded that ordinarily "imposing supervised release on a removable defendant is both unnecessary and undesirable." *United States v. Zamudio*, 718 F.3d 989, 991 (7th Cir. 2013) (citing U.S.S.G. Supp. App. C, Amend. 756).[2]

**B**

This Court reviews a district court's sentence via a two-step process. We begin by determining whether a district court committed a "procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

[2] The Seventh Circuit also noted that the imposition of supervised release on deportable immigrants may "burden probation officers." *Zamudio*, 718 F.3d at 991.

7

sentence." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall*, 552 U.S. at 51).  If we identify a procedural error, we will generally remand for resentencing without going further.  *United States v. Mateo-Medina*, 845 F.3d 546, 550 (3d Cir. 2017).  If the district court's sentence is procedurally sound, we review it for substantive reasonableness.  *Tomko*, 562 F.3d at 567.

Azcona-Polanco asserts a specific type of procedural error—that the District Court "fail[ed] to adequately explain the chosen sentence." *Id.* (quoting *Gall*, 552 U.S. at 51).  A district court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).  In explaining a sentence, a "judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  Although there is no "uniform threshold," this explanation must be "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *Tomko*, 562 F.3d at 567 (citation omitted).

The requirement that a district court provide an adequate explanation applies to supervised release. *See United States v. Joline*, 662 F.3d 657, 659-60 (3d Cir. 2011).  For example, we have repeatedly held that a district court must explain its reasons for imposing special conditions of supervised release. *United States v. Paladino*, 769 F.3d 197, 203 n.6 (3d Cir. 2014); *United States v. Murray*, 692 F.3d 273, 283 (3d Cir. 2012); *United States v. Albertson*, 645 F.3d 191, 200 (3d Cir. 2011); *United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010); *United States v. Loy*, 191 F.3d 360,

8

371 (3d Cir. 1999); *see also* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3. Specifically, a district court "must state the reasons in open court for imposing a particular special condition so that the appellate court is not left to speculate about the reasons." *Albertson*, 645 F.3d at 200 (quoting *Miller*, 594 F.3d at 184).

A district court's explanation serves, *inter alia*, three substantive ends. First, an adequate explanation "promote[s] the perception of fair sentencing." *Gall*, 552 U.S. at 50. As the Supreme Court has observed, "[j]udicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." *Rita*, 551 U.S. at 356; *see also United States v. Grier*, 475 F.3d 556, 572 (3d Cir. 2007) (en banc). Second, an adequate explanation is necessary for our Court to conduct "meaningful appellate review" for substantive reasonableness. *Gall*, 552 U.S. at 50; *see also United States v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010). Third, "procedural requirements," including an adequate explanation, "exist to guide the [district court's] exercise of discretion." *Merced*, 603 F.3d at 215 (alteration in original) (citation omitted). A district court's procedural error may lead to a substantively unreasonable sentence. *Id.*; *see also United States v. Olhovsky*, 562 F.3d 530, 553 (3d Cir. 2009).

## C

This Court has not yet addressed the parameters of an adequate explanation under Section 5D1.1(c). We now hold that, as with special conditions of supervised release, a district court must "explain and justify" the imposition of supervised

9

release on a deportable immigrant. *Murray*, 692 F.3d at 281. It "must state the reasons in open court for imposing a [term of supervised release on a deportable immigrant] so that the appellate court is not left to speculate about the reasons." *Albertson*, 645 F.3d at 200 (citation omitted). This explanation "should directly address" the presumption against imposing supervised release "and provide the court's reasoning for taking a different course of action in the case before it." *United States v. Solano-Rosales*, 781 F.3d 345, 353-54 (6th Cir. 2015). The court, however, need not "cite the guidelines section," but rather should "acknowledge and address" its substance. *Id.* at 354.

In adopting this approach to Section 5D1.1(c), we follow the recent decision of the Sixth Circuit in *Solano-Rosales*. We recognize, as did that Court, *id.* at 354 n.1, that other Circuits have stopped short of requiring a district court to refer explicitly to the presumption against imposing supervised release on a deportable immigrant. *See*, *e.g.*, *United States v. Aplicano-Oyuela*, 792 F.3d 416, 424 (4th Cir. 2015); *United States v. Alvarado*, 720 F.3d 153, 158 (2d Cir. 2013) (per curiam); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329-30 (5th Cir. 2012). Although this may be a "close question," we agree with the Sixth Circuit that "clarity is better served by a direct discussion" of the presumption against supervised release and the reasons for nevertheless imposing it. *Solano-Rosales*, 781 F.3d at 354 n.1; *see also Alvarado*, 720 F.3d at 158 (encouraging but not requiring district courts to provide an explicit explanation "for the sake of clarity").

Requiring an explicit explanation under Section 5D1.1(c) promotes all three of the substantive ends described

10

above.  It assures the public that the decision to impose supervised release was a "reasoned decision[]" rather than the force of habit.  *Rita*, 551 U.S. at 356.  Indeed, the Sentencing Commission created Section 5D1.1(c) in response to data that district courts were imposing supervised release "in more than 91 percent of cases in which the defendant is a non-citizen," a "high rate" that the Commission deemed "unnecessary."  U.S.S.G. Supp. App. C, Amend. 756, Reason for Amendment.  In addition, a district court's adequate explanation will allow us to conduct "meaningful" substantive review of Section 5D1.1(c) cases (or render those appeals unnecessary).  *Gall*, 552 U.S. at 50.  Relatedly, providing an explanation under Section 5D1.1(c) will "guide" a district court to impose supervised release on a deportable immigrant only when doing so is substantively reasonable. *Merced*, 603 F.3d at 215.

As a practical matter, we reiterate that the procedure we adopt today is already required in the supervised release context.  It is what we require when a district court imposes special conditions of supervised release.  *Paladino*, 769 F.3d at 203 n.6; *Murray*, 692 F.3d at 283; *Albertson*, 645 F.3d at 200; *Miller*, 594 F.3d at 184; *Loy*, 191 F.3d at 371.  As explained above, it should "state the reasons in open court for imposing a particular special condition." *Albertson*, 645 F.3d at 200 (quoting *Miller*, 594 F.3d at 184).  Given this well-established principle, a sentencing court will have no practical difficulty providing reasons under Section 5D1.1(c).

**D**

Azcona-Polanco failed to object in the District Court to the imposition of a term of supervised release.  As such, we

11

review for plain error his claim that it committed a procedural error by sentencing him to a term of supervised release without an adequate explanation under Section 5D1.1(c). As did the Sixth Circuit in *Solano-Rosales*, we will assume *arguendo* that there was a clear or obvious error—an issue we need not decide—because any error did not affect Azcona-Polanco's substantial rights. *See Solano-Rosales*, 781 F.3d at 354. Under Section 5D1.1(c), a district court is permitted to impose a term of supervised release on a deportable immigrant "if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1(c), cmt. n.5. In Azcona-Polanco's case, any supposed deficiency in the explanation would not have affected his substantial rights given all of the facts cited by the District Court, e.g., his serious criminal history; that he previously defied an order of removal; that he was ordered removed a second time; that after being deported he illegally reentered the United States; and that he purchased false identification and assumed an alias to remain in the United States illegally. Thus we will affirm the term of supervised release entered by the District Court.[3]

## IV

Azcona-Polanco also challenges as substantively unreasonable the District Court's sentence of imprisonment. This argument fails. The Court sentenced Azcona-Polanco to

---

[3] To the extent Azcona-Polanco's brief could be construed to raise a claim of substantive error with regard to the supervised release portion of his sentence, we would affirm for the same reasons.

12

41 months' incarceration—the bottom of the Guideline range. As explained above, it considered Azcona-Polanco's history of drug trafficking; that he was twice ordered removed from the United States; the nature of the current offense; and his use of an illegally-purchased birth certificate and Social Security card. The District Court conducted "the type of individualized assessment that *Gall* demands, and to which we must defer." *Tomko*, 562 F.3d at 575.

## V

The judgment of the District Court is affirmed.