**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2398
_____

UNITED STATES OF AMERICA

v.

RUBEN DARIO PENA-ORTIZ,
also known as WILLIE DIAZ ROSA,
also known as LORENZO ECHAVARIA

Ruben Dario Pena-Ortiz,

Appellant
_____

Appeal from the United States District Court for the Eastern District of
Pennsylvania
(E.D. Pa. No. 16-cr-00476-1)
District Judge: Honorable Edward G. Smith

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 13, 2018

Before: CHAGARES, VANASKIE, <u>Circuit</u> <u>Judges</u>, and BOLTON, <u>District</u> <u>Judge</u>[*.]

(Filed: April 30, 2018)
_____

OPINION[*]
_____

[*] The Honorable Susan R. Bolton, Senior United States District Judge for the District of Arizona, sitting by designation.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BOLTON, <u>District</u> <u>Judge</u>.

Appellant Ruben Dario Pena-Ortiz pled guilty to re-entry after deportation on February 28, 2017. The United States District Court for the Eastern District of Pennsylvania sentenced him to 42 months' imprisonment and three years of supervised release. He now challenges his sentence on appeal. For the reasons that follow, we will affirm the District Court's sentence.

**I**

Appellant, a citizen of the Dominican Republic, unlawfully entered the United States around 1995 and settled in Massachusetts. In 1996, on two separate occasions, Appellant was arrested and charged with distribution of a controlled substance. Neither charge was adjudicated at that time. Several years later, in 2003, Appellant was charged with possession with intent to distribute a controlled substance. In May 2004, he pled guilty to the possession charge and served 153 days' imprisonment. Appellant was thereafter deported to the Dominican Republic on August 8, 2004.

In 2010, Appellant unlawfully re-entered the United States. On April 17, 2011, police stopped Appellant for erratic driving. He was charged with re-entry after deportation. Appellant's arrest also alerted law enforcement to the un-adjudicated 1996 charges. On December 13, 2011, Appellant pled guilty to the 1996 charges. He then pled guilty on February 15, 2012, to the unlawful re-entry charge and was sentenced to 30 months' imprisonment. He was deported for the second time on November 19, 2013.

Around April 2016, Appellant again unlawfully re-entered the United States. On May 31, 2016, Pennsylvania police arrested and charged him with forgery in an unsuccessful attempt to obtain a driver's license under a false name using false documents. He pled guilty, received probation, and was released into the custody of U.S. Immigration and Customs Enforcement.

Appellant was indicted for re-entry after deportation and pled guilty on February 28, 2017. He was sentenced on June 16, 2017. The parties agreed with the PSR's calculation of offense level 13 and criminal history category IV, yielding a guideline sentencing range of 24 to 30 months. The PSR noted that U.S.S.G. § 5D1.1(c) advises against the ordinary imposition of supervised release on deportable defendants, but Application Note 5 suggests it should still be considered if it may "provide an added measure of deterrence and protection."

The Government requested an upward variance. It argued that the Sentencing Guidelines failed to account for Appellant's 1996 crimes, for which he was not convicted until after his first deportation. Appellant requested a downward variance based on the harsher confinement conditions for undocumented inmates, uncredited time served in state custody, and family responsibilities.

The District Judge determined that an upward variance was appropriate and sentenced Appellant to 42 months' imprisonment and three years of supervised release. In explaining his sentence, the District Judge noted Appellant's four prior non-immigration felony convictions and the seriousness of the drug offenses. He considered Appellant's personal circumstances and history, including his family circumstances. The

District Judge stated deterrence was an important function of Appellant's sentence, noting that his previous 30-month sentence for unlawful re-entry had not deterred Appellant from returning to the United States and engaging in other criminal conduct. He described the need to impose a sentence that met the goals of sentencing, finding that "anything less than an upward departure would not adequately reflect the seriousness of the offense, or promote respect for the law, or afford deterrence, either specific or general, or protect the public from [Appellant's] further crimes."

## II

The district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C § 3742. Absent a contemporaneous objection, we review procedural sentencing challenges for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). "There must be an 'error' that is 'plain,' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting Fed. R. Crim. P. 52(b)). An error affects substantial rights if the defendant establishes "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Azcona-Polano*, 865 F.3d 148, 151 (3d Cir. 2017). And we will only exercise our discretion to correct such an error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (quotations and modifications omitted). Absent any "significant procedural error," we review sentences for substantive reasonableness under an abuse of discretion standard. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). We will affirm the sentence "unless no reasonable sentencing court would have imposed

4

the same sentence on that particular defendant for the reasons the district court provided."
*United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

## III

Appellant contends that the District Court erred by imposing supervised release without first addressing U.S.S.G. § 5D1.1(c)'s advice against its imposition upon deportable defendants. He further claims that his sentence is substantively unreasonable because the District Court justified the upward variance using unreliable information and imposed a greater sentence than necessary to achieve its aims.

## A

The first error Appellant raises is a procedural one. Namely, he contends that the District Court imposed supervised release without adequately explaining its reasons for doing so given the Guidelines' advice against supervised release for deportable defendants. Because Appellant did not make a contemporaneous objection, we review for plain error. Only recently did we hold that a district court must explain and justify the imposition of supervised release on deportable defendants. *See Azcona-Polano*, 865 F.3d at 153 ("This explanation should directly address the presumption against imposing supervised release and provide the court's reasoning for taking a different course of action in the case before it.") (quotations omitted). Indeed, this was not the law when Appellant was sentenced. Even if it had been, Appellant would still have to show that any error affected his substantial rights. He cannot.

Our decision in *Azcona-Polanco* is instructive. The appellant there had a history— duly cited by the district court at sentencing—of drug offenses, previous deportations,

5

unlawful re-entry into the United States, and an attempt to use fraudulent documents to remain in this country. *Id.* at 154–55. We accordingly found that any alleged deficiency in the district court's explanation for imposing supervised release could not have affected the appellant's substantial rights. *Id.* The same holds true here.

Appellant has a similar background. He has a serious criminal history in addition to his immigration offenses. He has been deported twice. And he has twice unlawfully re-entered the United States and committed additional crimes. In granting the upward variance, the District Judge noted Appellant's criminal history. He discussed Appellant's personal circumstances and history, including his explanation that he had re-entered the United States to reunite with his family. The District Judge emphasized the need for deterrence after finding that Appellant's previous 30-month sentence for illegal re-entry had not deterred him from unlawfully re-entering another time. Had the District Judge explicitly addressed the presumption against supervised release, there is no reasonable probability that he would have declined to impose it. Thus, we will affirm the imposition of a term of supervised release.

**B**

Appellant also contests his sentence as substantively unreasonable. He claims the District Court provided insufficient justification and the resulting sentence violated the requirement to be "sufficient but not greater than necessary." 18 U.S.C. § 3553(a). "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may [] take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall v. United States*, 552 U.S. 38, 47 (2007). We may not,

however, presume such a sentence is unreasonable or require an "extraordinary" circumstance to justify it. *Id.*

We look instead to the district court's individualized application of the statutory sentencing factors. *See id.* at 50–51 (citing 18 U.S.C. § 3553(a)). The sentencing court should give "meaningful consideration" to all § 3553(a) factors and consider only reliable information. *United States v. Olhovsky*, 562 F.3d 530, 547 (3d Cir. 2009); *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009). Absent an adequate explanation, we will remand for resentencing. *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008). Sentences should avoid unwarranted disparities and comply with the "overarching instruction" to be "sufficient but not greater than necessary" to accomplish the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101, 108 (2007). This inquiry is highly deferential. We will not disturb a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Appellant asserts that the District Judge's justification for the upward variance is insufficient because he misread Appellant's post-deportation criminal history and speculated about violence concerning his past drug crimes. We disagree. At sentencing, the District Judge stated: "But not only did you re[-]enter the United States, you then engaged in other criminal conduct. And that criminal conduct, as I've noted, is of a very serious nature." (App. 98.) Appellant contends the District Judge was referring to his drug offenses and justified the upward variance on the inaccurate view that Appellant engaged in drug-related offenses after being deported. Yet the record shows that

Appellant's sentence was based, not on the timing of his drug offenses, but on his entire criminal history. The District Judge found that Appellant's repeated unlawful entries and multiple adult convictions "made a mockery of the laws of this nation," thereby making an upward variance appropriate to meet the goals of sentencing. (App. 98.)

Appellant next argues that the District Judge's comments on the nexus between the drug trade and violence were speculative, and therefore fail to justify the upward variance. This, too, fails to persuade us. The District Judge did note the violent nature of the drug trade and drug culture. Yet he specifically said there was no evidence that Appellant's past offenses involved violence. And he relied on the PSR, which contained his criminal history, personal history and characteristics, and multiple unlawful entries to the United States. We can hardly say that no other reasonable sentencing court would have done the same.

Appellant lastly challenges the 42-month sentence as needlessly harsh. He cites the reduced access to rehabilitative programs that undocumented immigrants have and argues that it creates unwarranted sentencing disparities. It does not. The District Judge specifically noted "that the guidelines are intended to avoid disparities among defendants." (App. 97.) He conducted an individualized assessment and carefully considered the § 3553(a) factors to craft a sentence that was "the minimum sufficient period of incarceration, but not greater than necessary, to accomplish the purposes of sentencing." (App. 101.) Giving due deference to this reasoning, we will accordingly affirm Appellant's sentence.

**IV**

The judgment of the District Court will be affirmed.