**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3635
_____

UNITED STATES OF AMERICA

v.

SULPICIO BELLO-GUERRERO,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cr-00305-001)
District Judge: Hon. Christopher C. Conner, Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 12, 2018

Before: CHAGARES, GREENBERG, FUENTES, *Circuit Judges*

(Opinion Filed: July 27, 2018)

_____

OPINION*
_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioner is Sulpicio Bello-Guerrero.  Bello-Guerrero pled guilty to unlawful re-entry, and the District Court imposed a sentence of time served and a one-year term of supervised release.  Bello-Guerrero appeals the sentence of supervised release.  For the following reasons, we will affirm.

## I.

Bello-Guerrero, a Mexican citizen, was initially deported from the United States in December 2008.  At the time of his removal, he was provided documentation warning him that he could not enter or attempt to enter the United States for a period of ten years.  In September 2017, Immigration and Customs Enforcement officers arrested Bello-Guerrero in Pennsylvania.

In November 2017, Bello-Guerrero pled guilty to one count of unlawful re-entry in violation of 8 U.S.C. § 1326(a).  At sentencing, the District Court imposed a prison sentence of time served, along with a one-year term of supervised release.  In doing so, the District Court stated: "[w]e note that a term of supervision is appropriate in this particular case given the defendant's prior . . . illegal entry into the United States, the prior notification provided to the defendant, and the need to add to the issue of deterrence with respect to the sentence imposed."[1]  The District Court also questioned the

---

[1] App. 29-30.

Government on its interpretation of § 5D1.1(c) of the Sentencing Guidelines, and considered Bello-Guerrero's employment issues in Mexico. This appeal followed.[2]

## II.

On appeal, Bello-Guerrero argues that the District Court's sentence was substantively unreasonable. Bello-Guerrero contends the Sentencing Guidelines disfavor a sentence of supervised release when the defendant is a deportable alien, and that the District Court did not provide adequate justification for imposing a term of supervised release.[3]

This Court reviews sentences for reasonableness, applying an abuse of discretion standard.[4] The abuse of discretion standard gives district courts "broad latitude in sentencing."[5] "[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence."[6] Furthermore,

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[3] Bello-Guerrero also preempts any anticipated argument from the Government that this appeal is moot because he has been deported, even though the Government makes no mootness argument. Nevertheless, because a live case or controversy is necessary, we must satisfy ourselves that this case was not mooted by Bello-Guerrero's deportation. Even though Bello-Guerrero's deportation reduces the practical impact of supervised release, his appeal is not moot because he might re-enter the country on his own and encounter the consequences of our ruling. *United States v. Villamonte-Marquez*, 462 U.S. 579, 581 n.2 (1983) (holding that respondents' deportation did not moot a criminal appeal because they might "re-enter this country on their own").

[4] *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (en banc).

[5] *See id.* at 568 (citation omitted).

[6] *Id.* at 564 (quoting *Williams v. United States*, 503 U.S. 193, 205 (1992)).

a sentence is substantively unreasonable only if "no reasonable person would adopt the district court's view."[7]

Under § 5D1.1(c) of the Sentencing Guidelines, deportable aliens are "presumptively exempt" from the discretionary imposition of supervised release.[8] However, there are circumstances which may warrant supervised release when the defendant is a deportable alien.[9] One such circumstance exists when supervised release provides "an added measure of deterrence and protection" based on the facts of a particular case.[10] For such a sentence to be permissible, "a district court must 'explain and justify' the imposition of supervised release on a deportable immigrant."[11] This explanation should directly address the presumption against imposing supervised release and provide the court's reasoning for taking a different course of action.[12]

On our review of the record, we hold that the District Court adequately justified its deviation from the Sentencing Guidelines' presumption. Before imposing the sentence, the District Court directly addressed the presumption against supervised release when it questioned the Government about its interpretation of § 5D1.1(c) of the Sentencing Guidelines. Additionally, the District Court considered Bello-Guerrero's prior illegal entry into the United States, the notification provided at the time of his initial removal in

---

[7] *Id.* at 565 (citation omitted).
[8] *United States v. Azcona-Polanco*, 865 F.3d 148, 150-51 (3d Cir. 2017).
[9] *See id.* at 152.
[10] *Id.* (quoting U.S. SENTENCING GUIDELINES MANUAL § 5D1.1(c) cmt. n.5 (U.S. SENTENCING COMM'N 2014)) .
[11] *Id.* at 153 (citation omitted).
[12] *Id.*

2008, and his risk of recidivism due to his difficulty finding employment in Mexico. Therefore, the District Court rationally decided to impose a one-year term of supervised release as an added deterrent to reoffending. Thus, we conclude the one-year term of supervised release is substantively reasonable, and the District Court did not abuse its discretion in imposing it.

### III.

For the foregoing reasons, we will affirm.