NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3960
_____

UNITED STATES OF AMERICA

v.

JOSE ANICO, a/k/a A.M.,
                                        Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-19-cr-00086-001)
District Judge: Honorable Jeffrey L. Schmehl
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1
on September 30, 2020

Before: SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*

(Filed: December 30, 2020)


_____

OPINION[*]
_____


**SCIRICA**, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Anico, a Dominican Republic national, pled guilty to various fraud charges arising out of his appropriation of a false identity to facilitate and enable his receipt of various benefits from the United States Government.

Anico challenges his sentence of supervised release, contending the court's failure to address the presumption against supervised release for deportable immigrants amounts to a procedural sentencing error. We find any alleged deficiency in the court's explanation for imposing supervised release did not affect Anico's substantial rights. We will affirm.

I.

Born in the Dominican Republic, Jose Anico is not a United States citizen and has never received lawful permission to reside in the United States. He was able to reside in the United States because he purchased the personal identification information of a certain A.M., a U.S. citizen, including his name, date of birth, and Social Security number. Under his assumed identity, Anico applied for, and was awarded, Supplemental Social Security Income benefits in the amount of $67,762.70 and Retirement and Survivors Insurance benefits in the amount of $72,809.90. Because he was receiving Social Security benefits, he was eligible to receive Medicare coverage and received $334,429.91 in benefits under the Medicare program. In all, Anico fraudulently obtained $475,002.51 in U.S. government benefits.

In 2017, Anico applied for a passport. He soon came to the attention of the Passport Fraud Office Prevention Manager because he had been previously identified as

having used the social security number of a person who was reported deceased. After further investigation, Anico was arrested.

Anico pled guilty to one count of making a false statement in a passport application, one count of aggravated identity theft, five counts of wire fraud, and four counts of healthcare fraud. Anico's advisory guideline range was 24–30 months. In addition, there was a mandatory consecutive sentence of 24 months for aggravated identity theft. At Anico's sentencing, the court inquired as to what extent, if any, Anico's medical conditions would affect his deportation. Defense counsel acknowledged there was a possibility Anico's medical status could cause his immigration detainer to be lifted and referenced a prior instance where a deportable immigrant's medical status caused a detainer to be lifted.[1] After this discussion, the court sentenced Anico. Granting a downward departure, the court sentenced him to thirty-six months' imprisonment plus three years of supervised release and ordered him to pay $475,002.51 in restitution.

The court stated "deterrence is important in this particular sentence" and highlighted that Anico committed his crimes repeatedly over a long period of time, knew what he was doing and knew it was wrong, and committed additional crimes for which he was not prosecuted. J.A. 117–18. Moreover, the court addressed both the possibility that Anico would not be deported and also the possibility that he would be deported. When imposing the sentence of supervised release, the court stated "we do not know the defendant's status." J.A. 118–19.

---

[1] An immigration detainer is a tool that helps federal immigration agents assume custody of a deportable immigrant after the immigrant is released from prison.

On appeal, Anico contends the court had a "misimpression" of Anico's immigration status. Appellant's Br. 8. He contends the court's doubt about his deportation was unfounded because the Probation Office and both parties agreed he would be deported to the Dominican Republic after completing his prison sentence. Anico did not object to the court's sentence at the sentencing hearing, so the challenge was not preserved. Anico now appeals the court's sentence of supervised release.[2]

## II.

An unpreserved challenge to a procedural sentencing error is reviewed for plain error. United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017). There is plain error if the court commits an error that is "clear or obvious" and "affected the defendant's substantial rights." Id. (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016)).[3]

Anico contends the court committed plain error by failing to directly address the presumption against supervised release for deportable immigrants and by failing to provide the justification for nevertheless imposing supervised release. We disagree. Assuming *arguendo* that the court's alleged error was clear or obvious, such error did not affect Anico's substantial rights.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] If the test for plain error is met, the court may exercise its discretion and correct the error "if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Azcona-Polanco, 865 F.3d at 151 (quoting Molina-Martinez, 136 S. Ct. at 1343).

For an error to affect a defendant's substantial rights, the defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Id. (internal quotation marks omitted) (quoting Molina-Martinez, 136 S. Ct. at 1343). A defendant's substantial rights are not affected by failure to address the presumption against supervised release for deportable immigrants where the facts show supervised release would have been imposed even if the court had directly addressed the presumption. See id. at 154–55.

A court may impose a sentence of supervised release on a deportable immigrant if it determines, based on the particular facts and circumstances of the case, supervised release would "provide an added measure of deterrence and protection." Id. at 154 quoting U.S.S.G. § 5D1.1(c), cmt. n.5. Such circumstances may include a defendant's criminal history, failed prior removal attempts, the purchase of false identification and assumption of an alias to remain in the United States illegally, and uncertainty about whether a defendant will continue to live in the United States after incarceration. See id. at 154–55; United States v. Solano-Rosales, 781 F.3d 345, 354–55 (6th Cir. 2015) (finding supervised release would provide an added measure of deterrence and protection given the likelihood that defendant would attempt to return to the United States).

At Anico's sentencing, the court explicitly noted that "deterrence is important in this particular sentence." J.A. 117. The court highlighted the circumstances of Anico's case, including the lengthy time period over which Anico committed his crimes—including making a false statement in a passport application and identity theft—and that Anico was not prosecuted for additional crimes he committed. The court discussed the

5

possibility of Anico's medical status preventing him from being deported, and defense counsel conceded this was a possibility and noted a prior instance where a detainer was lifted because of a deportable immigrant's medical status. Moreover, the court sentenced Anico to supervised release only if Anico is not deported.

Given the court's consideration of the relevant facts and its explicit justification for its sentence, we conclude supervised release would have been imposed even if the court had directly addressed the presumption against supervised release for deportable immigrants. Accordingly, any alleged procedural error did not affect Anico's substantial rights.

## IV.

For the reasons provided, we will affirm Anico's sentence.