NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2183
_____

UNITED STATES OF AMERICA

v.

TERRELL FORTH,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Nos. 1-04-cr-00511-001 and 1-05-cr-00001-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 9, 2023

Before: CHAGARES, *Chief Judge,* SCIRICA, and SMITH, *Circuit Judges.*

(Filed: February 27, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SCIRICA, *Circuit Judge*

Appellant Terrell Forth was sentenced to 42 months of imprisonment for violating the terms of his supervised release for a second time. Forth appeals that sentence as substantively unreasonable. We will affirm.

I.

In 2005, Forth pleaded guilty to three federal criminal offenses in two separate cases. In the first case (District of New Jersey No. 1:04-cr-00511), Forth pleaded guilty to one count of possession of a weapon by a convicted felon. In the second case (District of New Jersey No. 1:05-cr-00001), Forth pleaded guilty to two counts of bank robbery. The two cases were consolidated for sentencing, and the District Court sentenced Forth to an aggregate term of 160 months in prison followed by three years of supervised release.

On February 23, 2017, Forth was released from custody and began to serve his period of supervised release. But shortly thereafter, Forth violated the terms of his supervised release by committing another criminal offense—trafficking crack cocaine. Forth pleaded guilty to the supervised release violation and, on May 16, 2018, the District Court sentenced Forth to a total term of 36 months in prison followed by 18 months of supervised release.

On July 24, 2020, Forth was released from custody[1] and his second term of supervised release began. Again, Forth quickly violated the terms of his supervised

---

[1] Forth was released from state custody on that date because, after Forth completed his federal custodial sentence for the violation of the terms of his supervised release, he was transferred to state custody to serve time for the drug trafficking conduct.

release. Specifically, on September 13, 2020, Forth was involved in a motor vehicle stop. Forth presented a fraudulent driver's license to a police officer and then, during a search incident to arrest, was found to have on his person three to four grams of crack cocaine, three to four grams of marijuana, and $1,722 in cash. A subsequent search of Forth's vehicle also uncovered thirty strips of Suboxone—for which Forth had no prescription—hidden inside of the CD player. Based on this conduct, Forth was charged with multiple state criminal offenses, and he ultimately pleaded guilty to identity crime and possession of a controlled dangerous substance. Forth was sentenced by the state court to three years in prison.

Based, in part, on the same conduct, the United States Probation Office sought to revoke Forth's term of supervised release for a second time. On June 7, 2022, pursuant to an agreement with the United States, Forth pleaded guilty to violating the terms of his supervised release by committing the state identity and drug crimes. Before sentencing Forth for the violation, the District Court heard and considered presentations from defense counsel, the Government, and Forth. During the hearing, the District Court heard arguments in favor of a light sentence, including that Forth was remorseful for his criminal conduct, could become a productive member of society with the right tools, and had secured a job and a place to live upon his release from custody. After careful consideration, the District Court sentenced Forth to an aggregate term of 42 months in prison, finding that a longer sentence was necessary to deter Forth's criminal conduct and "protect the public from further crimes of the defendant given what is a very clear risk of

recidivism." A.091:20–21. Forth appeals his 42-month sentence as substantively unreasonable.

## II.[2]

Forth contends his 42-month sentence is substantively unreasonable. Specifically, Forth argues the District Court "failed to reasonably apply the § 3553(a) factors to the circumstances of this case," placing too much weight on the criminal conduct underlying the violation and not enough emphasis on the other § 3553(a) factors. Forth's Br. 11. As a result, Forth maintains that the District Court imposed a sentence that is "greater than necessary to fulfill the objectives of sentencing" and must be vacated as substantively unreasonable. Forth's Br. 7. We disagree.

In determining an appropriate term of imprisonment upon revocation of a defendant's term of supervised release, district courts are guided by most of the factors provided in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Such factors include "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(B)–(C). We will vacate a sentence as substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Accordingly, under this highly deferential standard of review, "[w]e

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3583(e) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review Forth's argument "that his sentence of imprisonment is substantively unreasonable for abuse of discretion." *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017).

may not reverse the district court simply because we would have imposed a different sentence," *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), or because the district court "fail[ed] to give mitigating factors the weight a defendant contends they deserve," *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020).

Here, the District Court's 42-month sentence was substantively reasonable. The District Court thoroughly considered mitigating factors and arguments in favor of a lighter sentence, including that Forth was remorseful for his criminal conduct and could become a productive member of society with the right tools, had been misled by his state court defense attorney to believe that any time served for the violating state crimes would be subtracted from his federal sentence for the violation, had received helpful drug treatment while in state custody, had obtained a GED while incarcerated, had secured a job and a place to live upon his release from custody, and had been sufficiently punished for the underlying criminal offenses, which were almost twenty years old.

As noted, the District Court concluded that, based on Forth's engagement in criminal conduct shortly after serving a 36-month sentence for his first supervised release violation, a 42-month sentence was necessary to adequately deter Forth "from engaging in criminal conduct again" and to "protect the public from further crimes of the defendant given what is a very clear risk of recidivism." A.091:10–21.

From the record, it is evident that the District Court reasonably weighed the § 3553(a) factors and did not place excessive weight on the seriousness of the criminal conduct underlying his violation of supervised release. Indeed, based on Forth's history of criminal conduct—including twice committing criminal offenses within weeks of

starting a term of supervised release—it was reasonable for the District Court to conclude that a 42-month sentence was necessary to adequately deter Forth from engaging in future criminal conduct and to protect the public from further crimes. In addition, the District Court reasonably determined that a 42-month sentence was necessary based on "the nature and circumstances of" Forth's violation, "as well as his history and characteristics of failure to comply with supervision and to take advantage of the programming offered to him." A.094:10–14. Accordingly, we are not convinced that "no reasonable sentencing court would have imposed the same sentence on [Forth] for the reasons the district court provided," *Tomko*, 562 F.3d at 568, and conclude that Forth's sentence was substantively reasonable.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.