**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2375
_____

UNITED STATES OF AMERICA,

v.

JOHN MANUEL TEJADA, a/k/a Juan Tejada
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2:18-cr-00511-001)
District Judge:  Honorable Esther Salas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2023

Before:  PHIPPS, MONTGOMERY-REEVES, and MCKEE, *Circuit Judges*.

(Opinion filed August 17, 2023)

_____

OPINION[*]

_____

_____

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Montgomery-Reeves, *Circuit Judge*.

John Manuel Tejada appeals the District Court's judgment that sentenced him to 50 months in prison followed by a three-year term of supervised release with special conditions. Tejada argues that the District Court plainly erred by imposing supervised release, which included special conditions, without any explanation for doing so. Because the District Court provided an adequate explanation for imposing supervised release and the accompanying special conditions, we will affirm.

## I.      BACKGROUND

Tejada is a native of the Dominican Republic. Between 1996 and 2018, Tejada unlawfully entered the United States three times.

Immigration authorities first began investigating Tejada after he was arrested in 2002. During that investigation, Tejada made false, sworn statements to the immigration authorities about being a legal permanent resident of the United States. In May 2003, Tejada failed to appear before the Immigration Court regarding his 2002 arrest, and the Immigration Court ordered him removed. In 2004, while still living unlawfully in the United States, Tejada was arrested on two separate occasions. In April 2007, Tejada was removed from the United States for the first time pursuant to the Immigration Court's May 2003 removal order. At some point, Tejada unlawfully reentered the United States, and in April 2010, he was removed a second time.

Tejada unlawfully entered the United States a third time. In 2018, his reentry became known when he was arrested and convicted on drug-related charges in New

2

Jersey. Tejada was also charged with violating the Immigration and Nationality Act ("INA") by entering the United States without authorization. *See* 8 U.S.C. § 1326(a), (b)(1). In 2022, Tejada pleaded guilty to the unlawful reentry charge. The District Court sentenced Tejada to 50 months in prison followed by a three-year term of supervised release with special conditions related to drug and alcohol testing, as well as mental health treatment. Tejada timely filed an appeal challenging the supervised release and special conditions of his sentence.

## II.    DISCUSSION[1]

On appeal, Tejada argues that the District Court plainly erred by failing to provide an explanation for its imposition of supervised release and the accompanying special conditions. Because Tejada failed to object to his sentence before the District Court, we review his sentence for plain error. *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (citing Fed. R. Crim. P. 52(b)). For plain error to occur, there must be "a reasonable probability that, but for the error, the outcome would have been different." *Id.* (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). To prove such an error, a defendant must show that there was a "clear or obvious" error that affected the defendant's "substantial rights." *Id.*

### A.    The District Court's Imposition of Supervised Release

A sentencing court may impose supervised release in two scenarios: (1) if required by statute or (2) in exercising its authorized discretion. *Azcona-Polanco*, 865 F.3d at 151

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had jurisdiction pursuant to 8 U.S.C. § 1329 and 18 U.S.C. § 3231.

(citing 18 U.S.C. § 3583(a); *see also* U.S.S.G. § 5D1.1; U.S.S.G. § 5D1.1, cmt. n.1). Section 5D1.1(c) of the Sentencing Guidelines provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). Based on this language, this Court has held that § 5D1.1(c) creates a presumption against imposing supervised release against removable defendants. Specifically, this Court has stated that "[d]eportable immigrants are presumptively exempt from the discretionary imposition of supervised release . . ." *Azcona-Polanco*, 865 F.3d. at 151. A court may overcome this presumption, however, if it determines there is a justification for imposing such a sentence and recites, in open court, its reasoning for doing so. *Id.* at 153. There exists no "uniform threshold" in measuring whether the court's explanation is sufficient. *Id.* (quoting *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009)). And district courts are not required to cite specifically to the guidelines. *Id.* Rather, a court "should directly address the presumption against imposing supervised release and provide . . . [its] reasoning for taking a different course of action in the case before it." *Id.* (quoting *United States v. Solano-Rosales*, 781 F.3d 345, 353–54 (6th Cir. 2015)).

Tejada argues that the District Court plainly erred by failing to directly address the presumption and failing to provide an adequate explanation of its imposition of supervised release. Even assuming Tejada is correct that the District Court committed procedural error, we cannot hold that the District Court *plainly* erred because Tejada has failed to show that any alleged error affected his substantial rights.

4

Contrary to Tejada's assertions, the District Court provided a detailed explanation supporting supervised release. For instance, the District Court discussed the fact that Tejada unlawfully entered the United States *three* times. And each time Tejada returned, he contravened a series of laws—placing himself in the criminal system of three different states. Tejada even committed one of multiple drug-related offenses after failing to appear for a court-ordered proceeding. The District Court expressly noted the need for "specific deterrence" and referenced precise portions of the Presentence Report regarding (1) Tejada's repeated unlawful entry into the United States, (2) his criminal history, which included continual commission of "serious offenses[,]" (3) Tejada's own admission that he intentionally chose not to appear for a prior court hearing to avoid removal, and (4) "the need to protect the public from further crimes at issue in . . . [Tejada's] case"—again noting Tejada's continual commission of "serious offenses." App. 94–96.

Furthermore, this Court's precedent dictates this outcome. In *Azcona-Polanco*, the District Court imposed supervised release upon a removable defendant. 865 F.3d at 151. The District Court did not explicitly mention the presumption against supervised release. The District Court did, however, explain that the need for specific deterrence justified its imposition of supervised release. *Id.* In its explanation, the District Court referenced the defendant's criminal history and defiance of removal orders by continually returning, *unlawfully*, to the United States. *Id.* at 154–55. The defendant did not object but, on appeal, argued that the District Court failed to adequately address the presumption. This

5

Court assumed, for the sake of argument, that the District Court erred by failing to discuss the presumption, but this Court affirmed the sentence. The Court reasoned,

> any supposed deficiency in the explanation would not have affected [the defendant's] substantial rights given all of the facts cited by the District Court, e.g., his serious criminal history; that he previously defied an order of removal; that he was ordered removed a second time; that after being deported he illegally reentered the United States . . . .

*Id.* The same is true for Tejada. Given Tejada's criminal history and repeated unlawful entry into the United States, any alleged deficiency would not have affected his substantial rights. Accordingly, the District Court did not plainly err in its imposition of supervised release.

### B.     The District Court's Imposition of Special Conditions

The District Court also required that Tejada comply with certain special conditions as part of his supervised release. These special conditions included submitting to alcohol and drug testing, as well as undergoing mental health treatment. Tejada argues that the record does not support the District Court's imposition of these special conditions. This is untrue. Contrary to Tejada's assertion, the District Court provided an adequate explanation, on the record, to support its imposition of the special conditions. Specifically, after discussing Tejada's mental health and substance abuse challenges over several transcript pages, the District Court stated:

> The [c]ourt intends to impose certain special conditions as a condition of supervision. In imposing these conditions, the [c]ourt has considered the nature and circumstances of the offense of conviction, the history and characteristics of the defendant, deterrence, protection of the public, and providing needed correctional treatment to the defendant.

6

> The [c]ourt finds that these conditions involve no greater deprivation of liberty than is reasonably necessary.

App. 100–01.

Based on the record, the District Court's reasons for imposing the special conditions are apparent. As such, any error by the District Court does not constitute plain error because Tejada has failed to show how any alleged inadequacy in the District Court's explanation affected his substantial rights. Accordingly, the District Court did not plainly err in its imposition of the special conditions.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

7