NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1600
_____

UNITED STATES OF AMERICA

v.

MICHAEL MALCOLM,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cr-00114-001)
U.S. District Judge: Honorable Gerald J. Pappert

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2025

_____

Before: SHWARTZ, MATEY, and SCIRICA, Circuit Judges.

(Filed: October 3, 2025)
_____

OPINION[*]
_____


SHWARTZ, Circuit Judge.

_____
[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Michael Malcolm appeals his sentence for robbery, attempted robbery, and use of a firearm.  Because his sentence was substantively reasonable, we will affirm.

I

Malcolm walked into a smoke shop, pointed a handgun at the clerk, demanded money, and stole $300.  He then attempted to commit a similar armed robbery at a nearby liquor store but fled without taking any money.  He was indicted for, and pleaded guilty to, one count of robbery and one count of attempted robbery, both in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

At sentencing, the Government introduced evidence of ten additional armed robberies it alleged Malcolm committed in the days leading up to the robberies for which he was convicted.[1]  The District Court found by a preponderance of the evidence that Malcolm had committed seven of these robberies, determining that Malcolm used the same modus operandi—including similar gestures and clothing, and a gun bearing a striking resemblance to the one used in the crimes of conviction.  The Court also noted that Malcolm had committed nine disciplinary violations during his pretrial detention, including possessing weapons and destroying property.

The District Court calculated an advisory Guidelines range of 141 to 155 months'

---

[1] State authorities had arrested and charged Malcolm for these additional robberies, but the charges were withdrawn.

imprisonment,[2] varied upward, and sentenced Malcolm to 185 months' imprisonment followed by 5 years of supervised release. The Court explained that it had considered the advisory Guidelines range and other 18 U.S.C. § 3553(a) factors in imposing its sentence. It noted (1) the "extremely dangerous, serious, [and] violent" nature of the robberies and their impact on the victims and the community, App. 238, (2) that Malcolm's commission of numerous robberies in a short time period was particularly concerning and that his "conduct in custody . . . [was] absolutely abominable," App. 241, (3) it had "little to no confidence" that Malcolm would not re-offend, and (4) Malcolm faced challenging circumstances during childhood, struggled with drugs, and that his criminal history before the robbery spree, while troubling, was "by no means extensive," App. 240. The Court concluded that its sentence was calculated to promote respect for the law, provide just punishment, serve the goals of general and specific deterrence, and provide Malcolm with training and rehabilitation, and avoided "unwarranted [sentencing] disparities" given "the very unfortunate and somewhat unique facts of this case." App. 246.

Malcolm appeals.

## II[3]

Malcolm challenges the substantive reasonableness of his sentence. A sentence is

---

[2] The Guidelines range was the result of a range of 57 to 71 months for the robbery charges, which were grouped for sentencing and a criminal history category of I, plus a mandatory consecutive term of 84 months on the § 924(c) count associated with the substantive robbery conviction.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a sentence's

substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the [§ 3553(a)] factors." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

The record shows that the District Court meaningfully considered the § 3553(a) factors and that its sentence was substantively reasonable. First, the Court considered Malcolm's background and the circumstances surrounding the crimes of conviction. In addition, it received evidence concerning ten other robberies in the days leading up to the charged crimes and found by a preponderance of the evidence that Malcolm committed seven of those robberies. A court may consider evidence of a convicted person's "background, character, and conduct" without limitation, including uncharged conduct such as the uncharged robberies here. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the . . . conduct of a person convicted of an offense" that a court may consider in "imposing an appropriate sentence."); U.S.S.G. § 1B1.4 (similar); United States v. Berry, 553 F.3d 273, 280, 284 (3d Cir. 2009) (explaining "facts . . . considered at sentencing, as a general matter, must be proved by a preponderance of the evidence" and that courts may consider conduct, including

_____

substantive reasonableness for abuse of discretion. United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

4

underlying arrests, "where reliable evidence of that conduct is proffered or where the [presentence report] adequately details the underlying facts without objection from the defendant"); United States v. Payano, 930 F.3d 186, 197-98 (3d Cir. 2019) (noting it would be "permissible for the District Court to vary upwards" based on uncharged conduct).[4]

The District Court also considered Malcolm's conduct while incarcerated, which included possessing weapons and destroying property. This conduct, together with the seriousness of Malcolm's armed robbery spree, reflects a need for significant punishment to deter him and protect the public.[5] As a result, we cannot say that "no reasonable

---

[4] Both parties note that the commentary to Guideline § 1B1.4 contemplates the very situation we have here, namely that a court may deviate from the Guidelines to punish a defendant for robberies he committed that were not counts of conviction and not otherwise taken "into account by the [G]uidelines." U.S.S.G. § 1B1.4 cmt. background; see also United States v. Perez-Colon, 62 F.4th 805, 814 n.10 (3d Cir. 2023) (assuming, without deciding, applicability of Guidelines commentary where both parties "assume[d] [its] correctness").

[5] Malcolm's argument that the 84-month sentence associated with his § 924(c) conviction "was . . . applied . . . to a series of offenses which already incorporated consideration of firearm use" is inaccurate. See Malcolm Br. at 17. The Guidelines offense level for his substantive robbery conviction was not increased due to his use of a firearm because the robbery was subject to a minimum term of imprisonment under § 924(c). See U.S.S.G. § 2K2.4(b). For his attempted robbery conviction, the offense level was properly increased by 6 levels under § 2B3.1 due to his use of a firearm, which was appropriate because the attempt offense was not subject to § 924(c). See U.S.S.G. § 2B3.1. To the extent Malcolm argues that the grouping rules under § 3D1.1 effectively resulted in his § 924(c) mandatory sentence being added to a Guidelines range that already captured a firearm enhancement, this ignores the fact that his attempted robbery conviction received a firearm enhancement because it carried no § 924(c) enhancement. Application of the Guidelines grouping rules ensured that Malcolm received incremental punishment for each robbery conviction. See U.S.S.G. ch. 3 Pt. D Introductory Commentary.

sentencing court would have imposed the same sentence." <u>Tomko</u>, 562 F.3d at 568.[6]

Accordingly, the District Court did not abuse its discretion in imposing Malcolm's sentence.

III

For the foregoing reasons, we will affirm.

---

[6] The sentence imposed did not create a risk of unwarranted sentencing disparities. Rather, it reflected the District Court's recognition of "the very unfortunate and somewhat unique facts of this case." App. 246. The upward variance here furthers the goal of uniformity of sentences for defendants who have committed additional culpable conduct not otherwise reflected in the Guidelines calculation.

6