**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1562
_____

UNITED STATES OF AMERICA

v.

RONALD J. MOON,
a/k/a Ronald Johnson,

Ronald J. Moon,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-12-cr-00502-001)
District Judge: Hon. Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2015

Before: FUENTES, SLOVITER, and ROTH, *Circuit Judges*

(Filed:  August 28, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*:

A jury found Ronald Moon guilty of bank robbery in violation of 18 U.S.C. § 2113. After the District Court sentenced him to a 240-month prison term, Moon filed this appeal. For the following reasons, we affirm the District Court's judgment.

On August 20, 2012, a person wearing a Muslim burka entered a branch of Sovereign Bank in Philadelphia. The individual handed the bank teller a note saying, "Give me the money, I have a gun."[1] Although the robber was wearing female Muslim garb, and the robber's body and head were covered, the teller believed the robber was actually a man. After receiving $4,750 from the teller, the robber placed the money in a multicolored bag and fled the bank to a nearby parking lot. At that time, an eyewitness in the parking lot noticed that an individual wearing a burka who appeared to be a man was walking quickly towards a Ford Winstar minivan while carrying a multicolored bag. Suspecting the bank may have just been robbed, the witness photographed the license plate of the minivan as it left the lot, walked over to the bank, and provided this information to the police. The police then ran the license plate and determined the minivan was registered to Ronald Moon at 2410 Patane Avenue in Abington, Pennsylvania. A search of Moon's history quickly revealed he had previously been involved in a bank robbery.

About one hour after the incident, the police located the minivan as it pulled into the parking lot of Moon's apartment complex at the 2410 Patane Avenue address, which

---

[1] App. 157.

was eight miles away from the bank. After ordering the minivan to stop, the officers arrested Moon, who was driving the vehicle, and his girlfriend, Naijah Glenn, who was a passenger. The officers did not find money, weapons, a burka, or a multicolored bag on Moon's person or in the minivan, but they did find Glenn in possession of $4,194—$556 short of the amount stolen from the bank. Following his arrest, Moon admitted to the police that he robbed the bank while disguised as a Muslim woman, he tossed the burka out of the minivan while fleeing the bank, and he gave the stolen money to Glenn. Moon also confirmed that photographs of the perpetrator taken from the bank surveillance cameras were, in fact, pictures of him.

Moon filed a motion to suppress the evidence taken after his arrest as well as his statements and photo identification. Finding that the police had probable cause to arrest Moon, the District Court denied the motion following an evidentiary hearing. At trial, the defense advanced the theory that Glenn, along with other uncharged individuals, committed the robbery. The defense also maintained that Moon falsely confessed to the robbery to protect Glenn. After the jury returned a guilty verdict, the District Court sentenced Moon to 240 months in prison.[2]

Moon raises four issues on appeal. First, Moon argues the police did not have probable cause to arrest him and, therefore, his motion to suppress should have been granted.[3] The thrust of Moon's argument is that the arrest "was without probable cause,

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] "This Court reviews the District Court's denial of a motion to suppress for clear error as

because police had no reason to believe that the driver of the van was the same person who robbed the bank, since no identifying information about the robber had been provided, the van was seen an hour after the robbery and several miles away from the bank, and the van was being driven responsibility."[4] We find no merit to Moon's argument. An arrest is supported by probable cause if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed . . . an offense."[5] Here, the police had eyewitness testimony from the bank teller, who said the robber was a man wearing a burka; another eyewitness saw a man wearing a burka fleeing the scene in a minivan; the police determined, based on a photograph of the license plate, that the getaway vehicle was registered to Moon; and the police located the minivan at Moon's residence just one hour after the robbery. Moreover, the police knew Moon had a history of bank robbery.[6] In sum, the police had ample reason to suspect Moon had just committed the robbery.

Second, Moon claims the District Court erred when it instructed the jury: "You may not speculate about Nijah Glenn or any other person being involved or not involved

---

to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[4] Moon Br. at 12.

[5] *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

[6] *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993) ("The use of prior arrests and convictions to aid in establishing probable cause is not only permissible . . . but is often helpful. This is especially so where . . . the previous arrest or conviction involves a crime of the same general nature as the one which the warrant is seeking to uncover.") (internal

in this robbery. The only issue for you to decide is whether the Government has proved Ronald Moon is guilty beyond a reasonable doubt."[7] Moon contends that this instruction denied him a meaningful opportunity to present a defense because it undermined his theory that someone else committed the robbery and that he confessed only to protect his girlfriend.[8] According to Moon, the District Court effectively instructed the jury to ignore his defense by casting aside his arguments about third-party guilt as speculation.[9] We disagree. The District Court did not tell the jury to ignore Moon's theory of the case. It instructed the jury not to speculate about other uncharged individuals who might share culpability and, instead, focus on its singular task, namely, deciding whether the government proved its case against Moon beyond a reasonable doubt. In any event, even if the instruction constitutes error, it was harmless. The evidence against Moon at trial, which included eyewitness testimony and his confession, was overwhelming.

Third, Moon takes issue with a statement made by the government about the $556 stolen from the bank that was never found. In its closing argument, the government offered the following rhetorical question: "Where that $556 is is a good question, but there's only one person who can answer it, and that's Ronald Moon."[10] The defense

---

citations omitted).

[7] App. 434-35.

[8] *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") (internal citations and quotation marks omitted).

[9] "In reviewing whether a District Court in its charge to the jury correctly stated the appropriate legal standard, our review is plenary." *United States v. Hernandez*, 176 F.3d 719, 728 (3d Cir. 1999) (internal quotation marks omitted).

[10] App. 407.

objected to this statement, arguing that the Fifth Amendment bars the prosecution from commenting on a defendant's silence. The District Court initially overruled the objection, but it later switched course and instructed the jury to ignore the government's statement.[11] Moon argues the District Court's instruction came too little, too late.[12] Even assuming the government's statement was error, we are satisfied that the District Court's later instruction to ignore the comment cured any harm. "[I]t is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it."[13] Moon has offered no reason to believe the jury did not fully understand and follow the District Court's instruction to disregard the government's statement. In light of the overwhelming evidence against Moon and the District Court's curative instruction, we have no doubt the government's comment on Moon's silence did not contribute to the jury's verdict.

Finally, Moon argues the District Court erred by imposing a fine of $5,000 without

---

[11] The District Court gave the following instruction to the jury:

> Now, in the prosecutor's rebuttal statement at the very end he made a statement that I instruct you to ignore when he said that only Ronald Moon can answer that. I instruct you to ignore that statement and – because that's inconsistent with what I tell you, that the defendant has no burden or obligation of coming forward with any evidence or answering anything. So you will ignore that statement that [the government] made.

App. 422.

[12] We review the government's comment on Moon's silence to see whether the constitutional trial error was harmless beyond a reasonable doubt. *See United States v. Shannon*, 766 F.3d 346, 354-55 (3d Cir. 2014).

[13] *United States v. Givan*, 320 F.3d 452, 462 (3d Cir. 2003).

6

considering whether the fine would impair his ability to make restitution.[14]  The

Guidelines range fine for Moon was $17,500 to $175,000.  Moon's presentence report

stated he may not able to make anything other than nominal restitution payments on a

monthly installment basis, in part, because he owed $8,044 in restitution from a prior

federal offense as well as $560 in restitution for this offense.  Concluding that Moon

would be unable to pay a fine within the Guidelines range, the District Court imposed a

$5,000 fine, explaining that it would help him get a job while in prison.  The District

Court further ordered that Moon participate in the Bureau of Prisons Inmate Financial

Responsibility Program and make a payment of $25 per quarter while in custody, and then

$25 per month following his release.  Moon argues this fine violates 18 U.S.C. § 3572(b),

which provides that a court "shall impose a fine or other monetary penalty only to the

extent that such fine or penalty will not impair the ability of the defendant to make

restitution."  In Moon's view, the District Court violated this provision because it did not

discuss whether the fine would interfere with his ability to make restitution.  We find that

the District Court did not abuse its discretion when it imposed this modest, below-

Guidelines fine.  The District Court acknowledged that Moon had no money, but found

that imposing this minimal fine would help him secure a job in prison.  Thus, the fine may

actually facilitate rather than hinder his ability to make restitution.

       For all these reasons, we affirm the District Court's judgment.

---

[14] We review the procedural and substantive reasonableness of Moon's sentence for an abuse of discretion.  *See United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012).