NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3387
_____

UNITED STATES OF AMERICA

v.

RONALD MOON, a/k/a Ronald Johnson

Ronald Moon,
                                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-12-cr-00502-001)
District Judge: Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 5, 2018

Before: SHWARTZ, SCIRICA, and ROTH, *Circuit Judges*

(Filed: December 19, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

After a federal jury convicted Ronald Moon of bank robbery, 18 U.S.C. § 2113(a), the District Court sentenced him to 216 months in prison. Moon contends the sentence was procedurally unreasonable because the court failed to meaningfully consider the need to avoid unwarranted sentencing disparities among similarly situated defendants, as required by 18 U.S.C. § 3553(a)(6). Because the record shows that the court considered and explained why the sentence would not create an unwarranted disparity, we will affirm.

## I.

In August 2012, Moon entered a Philadelphia bank, handed the teller a note demanding money and claiming he was armed, then took $4,750 and fled. After he was apprehended by the police, Moon was tried and convicted for one count of bank robbery.

At sentencing, the trial court determined Moon qualified for the "career offender" enhancement under the Sentencing Guidelines, based on his prior robbery convictions.[1] Specifically, in 1993, Moon pleaded guilty in state court to two armed robberies and was sentenced to 18 to 59 months' imprisonment and a term of probation. In 2000, he was convicted in federal court of four counts of bank robbery and one count of attempted bank robbery—conduct that also violated his state parole. After he was released from federal custody in 2009, he served an additional year and a half in state prison for the

---

[1] The career offender enhancement increases a defendant's sentencing range if the "instant offense of conviction is a felony that is either a crime of violence or controlled substance offense," and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

2

parole violation. Moon committed the instant offense a year and three months later, violating both his federal supervised release and his state parole.

With the career offender enhancement, Moon's Guidelines range was 210 to 262 months, adjusted to 210 to 240 months to reflect the statutory maximum. The court imposed a Guidelines range sentence of 240 months.

Moon filed his first appeal, raising several challenges to his conviction and a challenge to the fine imposed by the trial judge. We affirmed the conviction and sentence. *See United States v. Moon*, 625 F. App'x 136, 138 (3d Cir. 2015), *vacated*, 136 S. Ct. 1492 (2016).

While Moon's appeal was pending, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), ruling that the residual clause of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. *Id.* at 2557. Moon petitioned for a writ of certiorari, contending, under *Johnson*, that his prior robbery convictions were erroneously treated as "crimes of violence" that triggered the career offender Guidelines sentence enhancement.[2] The Supreme Court granted his petition, vacated the judgment, and remanded the matter for further consideration in light of *Johnson. Moon v. United States*, 136 S. Ct. 1492 (2016). We remanded to the trial court to determine whether the career offender designation should apply.

---

[2] We have interpreted a "violent felony" under the ACCA and a "crime of violence" under the Guidelines' career offender enhancement as the same. *See, e.g.*, *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009) ("While the Court was not called upon to construe the career offender provision of the Sentencing Guidelines, the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other.").

On remand, the Government conceded Moon was no longer subject to the career offender designation. The revised Presentence Investigation Report identified Moon's updated Guidelines range as 77 to 96 months' imprisonment. Neither party objected to the revised Report.

Prior to resentencing, the Government submitted a sentencing memorandum seeking an upward variance to 180 months, describing Moon as a "serial robber" who was not deterred by past periods of incarceration. App. 28. In his sentencing memorandum, Moon sought a Guidelines range sentence, which he contended would be "sufficient to ensure adequate deterrence without forsaking rehabilitation." App. 32.

At the resentencing hearing, the trial court sentenced Moon to 216 months' imprisonment plus three years of supervised release and restitution of $560.

Moon now appeals.[3]

**II.**

We will review Moon's procedural challenge to his sentence under the plain error standard. Generally, we review the procedural reasonableness of a sentence for abuse of discretion. *See, e.g.*, *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). But when the defendant does not bring the procedural error to the trial court's attention at the time the alleged error is made, we review for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc).

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Although Moon's counsel did not object at the resentencing hearing to the court's explanation of the sentence, Moon argues that we should treat the issue as preserved because the court "abruptly" adjourned the sentencing hearing, leaving him "no opportunity to object to its failure to account for the extent of the variance." Appellant's Br. at 24–25. Yet the record shows that after the court imposed Moon's sentence, his counsel objected to the fine initially imposed and raised an issue with Moon's referral for drug treatment. Moon's two successful objections belie his contention that the court deprived him of such opportunity. In any event, we do not require district courts to "inquire of counsel whether there are any objections to procedural matters," and instead place "the burden of objecting to errors" on the parties. *Flores-Mejia*, 759 F.3d at 258 n.8. Here, Moon has not satisfied this burden, so we will review for plain error.[4]

### III.

Moon contends his sentence is procedurally unreasonable because the trial court imposed an upward variance without properly addressing "the need to avoid unwarranted sentence disparities" between similarly situated defendants, 18 U.S.C. § 3553(a)(6), or acknowledging Moon's arguments regarding sentencing disparities. A district court commits procedural error by failing to show in its explanation of the sentence "that the

---

[4] "The plain error test requires (1) an error; (2) that is 'clear or obvious' and (3) 'affected the defendant's substantial rights, which in the ordinary case means he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). "If these conditions are met, we will exercise our discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Molina-Martinez*, 136 S. Ct. at 1343).

particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *United States v. Azcona-Polanco*, 865 F.3d 148, 153 (3d Cir. 2017) (quoting *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). "[T]he district court need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). "However, if a party raises a colorable argument about the applicability of one of the § 3553(a) factors," the district court must "address that argument as part of its 'meaningful consideration' of the sentencing factors." *Merced*, 603 F.3d at 215. Here, the record shows the District Court properly considered both § 3553(a)(6) and the arguments raised by counsel.

In his sentencing memorandum, Moon argued the Government's variance request would "elevate [his] sentence above those imposed even on more culpable offenders." App. 35. He also cited sentencing statistics, pointing out that the average sentence for robbery defendants in his criminal history category is 70 months, and that the Government's request was higher than "the average in cases where the offender guideline *does* apply." *Id.* at 36.

At the resentencing hearing, the trial court twice referenced reading Moon's sentencing memorandum and the attached exhibits. The court nonetheless imposed an upward variance, focusing on Moon's history of repeatedly committing the same offense, including while on supervised release and parole. It emphasized that despite "many opportunities" to reform, Moon's record showed he was "committed to robbery as a way

6

of life." App. 90. The court then explained the "circumstances of the case" and Moon's record "warrant an upward departure from the Guidelines." *Id.* at 91.[5] The court reasoned Moon's situation was not "reflected in the Guideline range," and a "Guideline range sentence will . . . leave the public . . . at risk." *Id.* Moreover, the court noted that it "respect[s] the statistics," but did not "think [Moon] fits into the general statistical mode." *Id.* Instead, "[Moon's] record and his conduct demonstrate that a more severe sentence is necessary" and "warranted." *Id.*

Although Moon protests that the court failed to "explicitly address the apparent disparity," Appellant's Br. at 19, the record shows the court considered § 3553(a)(6) and engaged the substance of the arguments made in Moon's memorandum. We have emphasized that there are "no magic words that a district judge must invoke when sentencing." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), *abrogated in part on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Instead, "'context and record' are important in determining whether the 'sentencing judge considered the evidence and arguments.'" *United States v. Thornhill*, 759 F.3d 299, 314 (3d Cir. 2014) (quoting *Rita*, 551 U.S. at 359). Here, the trial court acknowledged its consideration of Moon's submissions. The court explained that a variance from the Guidelines range was both "necessary" and "warranted" because, *inter alia*, the Guidelines range did not reflect Moon's history of repeatedly committing robbery and would not adequately protect the public. The trial court thus appropriately considered § 3553(a)(6) and explained why the

---

[5] Although the trial court used the term "departure," the record shows and the parties agree that the court imposed an upward variance, not a departure.

sentence would not result in an "unwarranted sentence disparit[y]." *See* 18 U.S.C. § 3553(a)(6).

Moon contends that our opinions in *United States v. Merced*, 603 F.3d 203 (3d Cir. 2010), and *United States v. Negroni*, 638 F.3d 434 (3d Cir. 2011), compel a different result. We disagree. In those cases, the trial court failed altogether to address potential disparity. There was "no evidence" that the trial court in *Merced* "accounted for [§ 3553(a)(6)] at all," 603 F.3d at 224, and the court in *Negroni* "did not acknowledge" that the sentence "deviated significantly from the Guidelines," 638 F.3d at 446. As we have described, the trial court here both acknowledged and explained the deviation from the Guidelines. There is no error, let alone plain error.

Moon's argument that the court failed to address the "*extent* of its variance," Appellant's Br. at 24, is also unavailing. Although we require "substantial variation[s]"— such as this one—to "be accompanied by a more complete explanation," *Negroni*, 638 F.3d at 445, there is "no uniform threshold for sufficiency because of the fact-bound nature of each sentencing decision." *Tomko*, 562 F.3d at 567. As our precedent requires, the trial court here identified the aggravating factors, then properly "explain[ed] how the [aggravating] factors warrant[ed] the sentence imposed," *Negroni,* 638 F.3d at 446—for example, explaining that in light of Moon's history, a shorter sentence would leave the public at risk. Accordingly, there was no procedural error.

**IV.**

For the foregoing reasons, we will affirm.