NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  17-3775
_____

UNITED STATES OF AMERICA

v.

PASQUALE STISO,
a/k/a Pat Stiso
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-14-cr-00484-002)
District Judge: Williams J. Martini

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 13, 2019

Before: HARDIMAN, SCIRICA, and COWEN, *Circuit Judges*

(Filed: May 16, 2019)

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After a federal jury convicted Pasquale Stiso of conspiracy to commit wire fraud, 18 U.S.C. § 1349, wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957, the District Court sentenced him to a Guidelines-range term of 41 months in prison. Stiso challenges this sentence as procedurally and substantively unreasonable. Because we see no error, we will affirm the sentence.

**I.**

In 2011, Stiso and his friend Paul Mancuso defrauded five victims in schemes where they promised to use the victims' funds to invest in real estate projects and to buy sports and concert tickets that could be resold for profit. After an investigation of Mancuso, the FBI obtained a warrant to wiretap Mancuso's telephones. As a consequence, the FBI recorded Stiso admitting to his involvement with Mancuso's fraud schemes. As noted, Stiso was tried and convicted of conspiracy to commit wire fraud, wire fraud, and money laundering.

At the 2016 sentencing, the District Court thoroughly considered the sentencing factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Stiso's personal characteristics, previous criminal history, and the fact that Stiso exploited his relationships with his victims. The Court compared Stiso's role in the fraud to Mancuso's more active role, and applied a one-level downward variance. Denying Stiso's request to apply the 2015 version of the Guidelines, the Court applied the 2012 version and imposed a Guidelines-range sentence of 43 months plus three years of supervised release.

2

Stiso appealed, challenging his conviction and his sentence on the ground that the trial court should have applied the 2015 version of the Guidelines. *United States v. Stiso*, 708 F. App'x 749, 751–52 (3d Cir. 2017). We affirmed Stiso's conviction but vacated and remanded his sentence, finding the 2015 Guidelines were in effect at the time of sentencing and did not set forth a harsher punishment than the 2012 version. *Id.* at 763.

At resentencing, the District Court considered whether it would apply a two-point enhancement for substantial financial hardship of two victims and whether it would reduce Stiso's sentence based on post-sentencing rehabilitation. The Court declined to impose a substantial financial hardship enhancement because the government had not proved it by a preponderance of the evidence. The Court also considered Stiso's post-sentencing conduct, noting his clean disciplinary record but also noting such a record would be expected from a highly-educated former lawyer like Stiso. Before imposing its sentence, the District Court noted its duty under § 3553(a) to "to impose a sentence that is sufficient but not greater than necessary." App. 140. It also referenced its discussion of the § 3553(a) factors at the initial sentencing: "Of course the Court will consider the 3553 factors and we have addressed, I think, many of them in this context [of resentencing] as well as at the initial sentencing." App. 144. The District Court sentenced Stiso to a within-Guidelines sentence of 41 months' imprisonment plus three years of supervised release.

Stiso now appeals.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

## II.

On appeal, Stiso contends that his sentence is procedurally unreasonable because the District Court failed to adequately consider the § 3553(a) factors, improperly dismissed his post-sentencing rehabilitative efforts, did not provide an explanation for its final sentence near the top of his recalculated Guidelines range, and did not promote an overall sense of fairness and transparency during the sentencing process. Stiso also challenges the substantive reasonableness of his 41-month sentence.

### A.

The procedural reasonableness of a sentence is reviewed for plain error when, as here, the defendant did not bring it to the district court's attention at the time the alleged error was made. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). "The plain error test requires (1) an error; (2) that is 'clear or obvious' and (3) 'affected the defendant's substantial rights, which in the ordinary case means he or she must "show a reasonable probability that, but for the error," the outcome of the proceeding would have been different.'" *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). "If these conditions are met, we will exercise our discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Molina-Martinez*, 136 S. Ct. at 1343). Here, Stiso cannot demonstrate error at step one of the plain error test.

Contrary to Stiso's suggestion, the District Court appropriately considered the § 3553(a) factors. When considering the § 3553(a) factors, a district court must "make an

'individualized assessment based on the facts presented,'" which provides courts of appeals "with an explanation 'sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a).'" *United States v. Thornhill*, 759 F.3d 299, 310–11 (3d Cir. 2014) (quoting *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). A district court "need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). But if a party raises a "colorable argument" about the § 3553(a) factors, the District Court should address that argument as part of its "meaningful consideration" of these factors. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (citing *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)). "'[C]ontext and record' are important in determining whether the 'sentencing judge considered the evidence and arguments.'" *Thornhill*, 759 F.3d at 314 (quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)).

At resentencing, the District Court stated that it would "consider the [§ 3553] factors and [has] addressed, I think, many of them in this context as well as at the initial sentencing." App. 144. Indeed, the District Court justified its sentence at the initial sentencing by considering factors such as: the emotional and financial effect of Stiso's fraud on his victims, how he exploited his relationships with his victims for financial gain, his relationship with his family, gambling debts as a possible motivation for his crimes, and his prior problems with the law that should have deterred further illegal conduct. The District Court adequately considered the § 3553(a) factors at the original

5

sentencing, and referenced those considerations at the resentencing. It was not necessary for the District Court to repeat the same analysis, particularly when neither Stiso's counsel nor this Court had called it into question. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (noting that, in the sentence modification context, a reviewing court "need not turn a blind eye to what the judge said at [the] initial sentencing" and may consider the record as a whole to determine whether the sentencing judge adequately considered the parties' arguments and had a reasoned basis for the sentence).

Stiso contends the District Court refused to consider his post-sentencing rehabilitation efforts in calculating his sentence. We disagree. Under *Pepper v. United States*, 562 U.S. 476 (2011), a resentencing judge may consider a defendant's post-sentencing rehabilitation efforts and adjust the defendant's sentence accordingly because such rehabilitative efforts "may be highly relevant to several of the § 3553(a) factors." *Id.* at 491. The District Court reasoned that while Stiso's conduct during his incarceration was "admirable," he had many benefits in life—including an education—that made his positive adjustment expected and different from those individuals who have previously endured significant hardship. App. 144–45. The Court accordingly declined to adjust Stiso's sentence based on his post-sentencing conduct. Contrary to Stiso's assertions, *Pepper* does not require a district court to adjust its sentence based on post-sentencing conduct but rather approves the authority to consider such conduct and make an adjustment if appropriate. *See Pepper*, 562 U.S. at 490 ("[W]e think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since

6

his prior sentencing and that such evidence may . . . support a downward variance.").

The District Court soundly exercised its discretion by considering Stiso's post-sentencing conduct argument at resentencing and deciding that no adjustment was warranted.

Third, Stiso takes issue with his resentencing at the "very top" of his recalculated sentencing range. Appellant Br. at 16. At the initial sentencing, Stiso's calculated range was 41 to 51 months, and the District Court sentenced him to 43 months. At resentencing, Stiso's calculated range was 33 to 41 months, and the District Court sentenced him to 41 months. Stiso asserts that his initial sentence was near the bottom of his calculated range, so the District Court should have explained why it sentenced him at the top of the recalculated range. When faced with a new lower Guidelines range at resentencing, however, a resentencing judge need not choose a point on that range that is proportional to the point on the prior, higher Guidelines range. *See Chavez-Meza*, 138 S. Ct. at 1966 ("[A] judge's choice among points on a [Guidelines] range will often simply reflect the judge's belief that the chosen sentence is the 'right' sentence . . . . [T]he judge need not provide a lengthy explanation if the 'context and the record' make clear that the judge had 'a reasoned basis' for [imposing] the defendant's sentence." (quoting *Rita*, 551 U.S. at 356, 359)). Here, the "context and the record" demonstrate that the District Court had a reasoned basis for the sentence it imposed.

Finally, Stiso challenges the Court's fairness during resentencing. Stiso complains that the District Court was confused regarding its prior rulings on sentencing enhancements and variances and was unprepared to conduct the resentencing hearing.

This attack on the soundness of the proceeding is entirely unsupported by the record. The District Court carefully conducted the resentencing.

We see no error, let alone plain error, that affected Stiso's substantial rights and the fairness of the proceedings. The Court's sentencing was procedurally sound.

**B.**

We review substantive challenges to a sentence under an abuse-of-discretion standard. *Tomko*, 562 F.3d at 567–68. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568. "[R]eviewing courts are entitled to presume that a sentence within the advisory Guidelines is reasonable." *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014) (citing *Rita*, 551 U.S. at 364).

Stiso's substantive reasonableness challenge repeats in part his procedural unreasonableness challenge. He takes issue with the District Court assigning him a sentence near the top of the new Guidelines range, asserts that it did not adequately discuss the § 3553(a) factors, and declares that *Pepper* required the District Court to consider evidence of his post-sentencing rehabilitation. As noted, these arguments are unconvincing. There is nothing that indicates no reasonable sentencing court would have imposed a 41-month, within-Guidelines sentence on Stiso after he was convicted of wire

fraud and related charges.  The District Court did not abuse its discretion in sentencing

Stiso to 41 months in prison.

## III.

For the foregoing reasons, we will affirm the Court's sentence.