**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4055
_____

UNITED STATES OF AMERICA

v.

JOHN DOE,
               Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00416)
District Judge: Hon. R. Barclay Surrick
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 14, 2019
_____

Before: McKEE, ROTH, and FUENTES, *Circuit Judges*.

(Opinion filed: August 9, 2019)
_____

OPINION[*]
_____

FUENTES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Defendant John Doe pled guilty to one count of sex trafficking of a minor. The District Court sentenced him to 168 months' imprisonment and five years of supervised release, subject to certain special conditions.

Defendant now appeals his sentence, arguing that the District Court erred by imposing a sentence that was both procedurally and substantively unreasonable. For the following reasons, we reject Defendant's arguments and will affirm.

**I.**[1]

For approximately five months, 43-year-old Defendant recruited females into prostitution by posting advertisements on the now-defunct website www.backpage.com ("Backpage"). One of the females recruited by Defendant was a 16-year-old runaway from Rhode Island. In March 2015, after interacting with the underage female online, Defendant drove from Philadelphia, Pennsylvania to Rhode Island to pick her up. He then drove the minor from Rhode Island to a motel in New Jersey.

Thereafter, Defendant posted an advertisement on Backpage offering the minor's prostitution services. The advertisement included photographs of the minor and Defendant's phone number. Based on that advertisement, clients would contact Defendant, who would then arrange the sexual encounters between the minor and the clients.

The minor worked as a prostitute for Defendant for approximately two weeks. During that time, she had sex in exchange for money at different locations including the

---

[1] These undisputed facts are contained in the Presentence Investigation Report ("PSR") provided by the parties, dated July 15, 2016.

motel, another hotel, and a client's residence. In addition to arranging the minor's sexual encounters with clients, Defendant transported the minor to and from those encounters, set the fees for those encounters, and kept a percentage of the minor's earnings.

**II.**

In March 2016, Defendant entered an open plea of guilty to one count of sex trafficking of a minor,[2] a crime which carries a mandatory minimum ten-year prison term[3] and a mandatory minimum five-year supervised release term.[4] After the District Court accepted Defendant's guilty plea, the United States Probation Office prepared a PSR. The PSR calculated an advisory Guidelines range of 168 to 210 months' imprisonment.

At sentencing, the Government requested a 180-month prison term, while Defendant sought a downward variance, asking for a sentence "at or near" the 120-month mandatory minimum prison term.[5] The District Court denied the parties' requests, adopted an updated PSR without change,[6] and sentenced Defendant to 168 months' imprisonment, the lowest end of the Guidelines range. The Court also imposed the

---

[2] 18 U.S.C. § 1591(a).
[3] *Id.* § 1591(b)(2).
[4] *Id.* § 3583(k).
[5] JA 87.
[6] The parties did not provide us with a copy of the updated PSR. We note that the sentencing transcript reflects that neither the Government nor Defendant objected to the updated PSR. Moreover, both the transcript and the District Court's Statement of Reasons indicate that the updated PSR calculated the same Guidelines range as the initial PSR.

3

mandatory minimum five-year term of supervised release, subject to several special conditions.[7]

## III.[8]

Generally, we review both the procedural and substantive reasonableness of a sentence for abuse of discretion.[9] However, given that Defendant failed to object to the procedural reasonableness of his sentence at sentencing, we review his procedural claims for plain error.[10] "The plain error test requires (1) an error; (2) that is clear or obvious[;] and (3) affected the defendant's substantial rights, which in the ordinary case means he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different."[11] If those three conditions are satisfied, we will exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."[12]

## IV.

### A. Procedural Reasonableness

On appeal, Defendant raises three procedural arguments, all of which are meritless.[13] As explained below, the District Court committed no procedural errors.

---

[7] 18 U.S.C. § 3583(k).

[8] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[9] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[10] *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

[11] *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] We will not review the merits of Defendant's claim that the District Court committed procedural error by applying the sentencing enhancement under § 2G1.3(b)(1)(B) of the

4

### 1. District Court's reliance on bare arrest record

First, Defendant asserts that the Court plainly erred by relying on his "bare arrest record" to determine his sentence. A bare arrest record "describes the reference to the mere fact of an arrest—*i.e.* the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest."[14] We have held that a District Court cannot rely on a "bare arrest record" in sentencing a defendant.[15] However, it may consider "the underlying conduct where reliable evidence of that conduct is proffered or where the PSR adequately details the underlying facts without objection from the defendant."[16]

Here, at sentencing, in assessing Defendant's background, the District Court made a single reference to the underlying conduct that led to Defendant's October 2014 arrest in New Jersey for stalking, coercion, and criminal trespass. It did so in the context of acknowledging that such conduct, along with the conduct underlying Defendant's Pennsylvania convictions for harassment and disorderly conduct, created concerns that Defendant could pose a danger to the community.[17] Contrary to Defendant's assertions, the Court did not commit error, let alone plain error. Rather, in sentencing Defendant, it

---

Guidelines. Defendant waived his right to challenge that enhancement. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

[14] *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

[15] *See United States v. Mateo-Medina*, 845 F.3d 546, 553 (3d Cir. 2017); *United States v. Berry*, 553 F.3d 273, 274 (3d Cir. 2009).

[16] *Berry*, 553 F.3d at 284.

[17] *See* 18 U.S.C. § 3553(a)(1), (2) (requiring sentencing courts to consider, *inter alia*, the history and characteristics of a defendant, and the need for the sentence imposed to protect the public).

properly mentioned and considered the underlying facts of Defendant's arrest as described in the uncontested PSR.[18]

## 2. District Court's reliance on clearly erroneous facts

Second, Defendant argues that the District Court plainly erred by relying on clearly erroneous facts related to his criminal history.[19] According to Defendant, the Government incorrectly stated that Defendant had committed "very serious felonies"[20] when in fact he had been convicted of Pennsylvania summary offenses.[21] The District Court, says Defendant, committed procedural error by relying on the Government's mischaracterization of those convictions in selecting Defendant's sentence.[22] We disagree. The record indicates no such reliance.

Here, the PSR provided to us indicates that Defendant has prior convictions under Pennsylvania law for harassment and disorderly conduct, and was sentenced to one year

---

[18] As correctly noted by Defendant, the PSR filed in our Court does not include information about the underlying facts or circumstances of the arrest. *See* PSR ¶ 41 (stating that "[d]etails of this open matter have been requested," and "will be included in the final report"). Although we would have preferred that counsel provide a copy of the final undisputed PSR, its absence from our docket does not affect our analysis of this issue.

[19] A factual finding "is clearly erroneous when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (alterations in original) (internal quotation marks omitted).

[20] JA 92–93.

[21] Under Pennsylvania law, a summary offense is an offense that is statutorily designated as such, or one that carries a maximum sentence of ninety days' imprisonment. 18 Pa. Cons. Stat. § 106(c).

[22] *See Gall v. United States,* 552 U.S. 38, 51 (2007) (describing "selecting a sentence based on clearly erroneous facts" as a "significant procedural error").

6

of probation.[23] In Pennsylvania, harassment and disorderly conduct can be graded as summary offenses.[24] However, the PSR does not specify the grading of Defendant's convictions.

At sentencing, defense counsel referenced Defendant's criminal history in general terms. He stated that Defendant "really has no record to speak of" and had "a couple [of] minor brushes with the law."[25] In response to those statements, the Government explained that it disagreed with the assertion that "[D]efendant's criminal history is not much to mention."[26] It maintained that Defendant "repeatedly engaged in very serious criminal conduct . . . *very serious felonies* involving very grave impact on the persons who were victimized."[27]

On appeal, it is undisputed that Defendant was convicted of summary offenses; therefore, his criminal history does not include felony convictions.[28] The Government urges us to interpret its comments as related to "the nature of [Defendant]'s recent course

---

[23] Defendant was sentenced to six months of probation on each count. The probationary term for the harassment conviction was ordered to run consecutively to the probationary term for disorderly conduct.

[24] *See* 18 Pa. Cons. Stat. § 2709(c)(1) (stating that harassment qualifies as a summary offense if it is charged under one of the three subsections related to physical contact); *Id.* § 5503(b) (stating that disorderly conduct is "a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.").

[25] JA 85.

[26] *Id.* at 92.

[27] *Id.* at 92–93 (emphasis added).

[28] In support of his claim that his convictions were for summary offenses, Defendant cites to publicly available state court docket sheets. The Government concedes that Defendant's criminal history does not include felony convictions.

of conduct, rather than the classification of his prior conviction and his other criminal conduct,"[29] while Defendant asserts that the comments related to his criminal history.

Taking judicial notice of the fact that Defendant was convicted of summary offenses,[30] and even assuming that the Government's statements qualify as stating clearly erroneous facts about Defendant's criminal history, Defendant's argument nevertheless fails. There is no evidence that in sentencing Defendant, the District Court relied on the erroneous belief that Defendant had a criminal history including two felonies. Rather, the Court properly relied on the underlying facts of the offenses from the uncontested PSR, including the fact that Defendant "knowingly, intentionally, or recklessly, caused bodily injury" to his 10-year-old autistic son "by striking him with a closed fist."[31]

Defendant is unable to show any error. The Court correctly recognized that Defendant did not have a "significant criminal record" but that the record was nevertheless "concerning" given the underlying facts.[32]

### 3. District Court's reliance on unsubstantiated mental-health-related concerns

Third, and finally, Defendant argues that the District Court improperly diagnosed him with mental health problems, and based his sentence on "unsubstantiated concerns" about his mental health.[33] This claim is likewise without merit.

---

[29] Gov't. Br. 30.
[30] *See In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205–06 (3d Cir. 1995) ("Judicial notice may be taken at any stage of the proceeding, including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.") (internal quotations and citations omitted).
[31] PSR ¶ 37. *See id.* at ¶¶ 48–49.
[32] JA 99.

At sentencing, after expressing concern about the underlying facts of Defendant's instant offense and prior convictions, the District Court concluded that mental health treatment should be part of Defendant's sentence. In doing so, the Court stated:

> [i]t's clear to me that the defendant has significant problems. He has mental health problems, that's apparent. He has problems of a psychosexual nature. He needs treatment and I'm going to provide treatment for him as part of this sentence.[34]

It then informed Defendant that it would be "very strongly" recommending to the Bureau of Prisons that Defendant "go to an institution in the federal system that can deal with his mental health and psychosexual problems."[35]

The Court further explained that placing Defendant in such an institution serves the twofold purpose of providing Defendant with the treatment that he needs and protecting society upon Defendant's release from prison. Defense counsel did not object to these statements.

In our view, the Court's comments do not render the sentence procedurally unreasonable. There is ample support in the record for the Court's decision recommending that Defendant be imprisoned in an institution where he could be evaluated and receive treatment as needed. The record reflects that Defendant engaged in a series of troubling events starting in September 2014 when he was arrested in Pennsylvania for striking his 10-year-old autistic son with a closed fist. Nearly one month

---

[33] Def. Br. 16.

[34] JA 100.

[35] *Id.* at 100–01. Accordingly, in the judgment of sentence, the Court "strongly recommended" to the Bureau of Prisons "that Defendant be designated to an institution where Defendant will receive a comprehensive psycho-sexual evaluation and mental health and psycho-sexual treatment." *Id.* at 3.

after that arrest, Defendant was arrested in New Jersey for stalking an 18-year-old female, coercion, and criminal trespass. Thereafter, in March 2015, while on probation for the Pennsylvania summary offenses, he committed the instant offense of sex trafficking of a minor.

Given Defendant's lack of interaction with the criminal justice system until 2014 when he was forty-two years old, the close temporal relationship between the offenses, and the underlying facts of the offenses, the Court did not err in considering Defendant's mental health needs and determining that mental health treatment should be part of Defendant's sentence.

For the same reasons, we are also unpersuaded by Defendant's claim that the Court had no basis for imposing mental health evaluation and treatment as a special condition of supervised release.[36] Defendant's sentence is therefore procedurally reasonable.

## B. Substantive Reasonableness

Next, Defendant argues that his 168-month prison sentence was greater than necessary to further the goals of sentencing.[37] This argument is unavailing.

Here, after carefully considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), the District Court rejected Defendant's request for a downward variance and

---

[36] The judgment states: "[D]efendant shall participate in a psycho-sexual and mental health program for evaluation and/or treatment and abide by the rules of any such program until satisfactorily discharged." *Id.* at 6.

[37] Defendant also maintains that the Court's procedural errors rendered his sentence substantively unreasonable. However, given our conclusion that the Court did not commit any of those errors, we will not discuss them in the context of assessing the substantive reasonableness of Defendant's sentence.

concluded that a sentence "at the very bottom" of the Guidelines range was appropriate.[38] Based on the facts of the underlying sex-trafficking-of-a-minor offense as well as Defendant's history and characteristics, we cannot say that "no reasonable sentencing court would have imposed the same sentence."[39] Defendant's sentence is thus substantively reasonable.

## IV.

The sentence imposed by the District Court is neither procedurally nor substantively unreasonable. We will therefore affirm the judgment of sentence.

---

[38] JA 100.

[39] *Tomko*, 562 F.3d at 568.