**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3144
_____

UNITED STATES OF AMERICA

v.

JEREMY BANEY,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Case No. 1-18-cr-00116-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 3, 2022
_____


Before:  CHAGARES, Chief Judge, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: January 26, 2023)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Chief Judge.

Jeremy Baney appeals the sentence imposed by the District Court for his conviction related to tax fraud. For the reasons below, we will affirm the District Court's judgment.

I.

We write for the parties and recite only the facts necessary for disposition of this case. In 2002, Baney began serving a twenty- to forty-year sentence in Pennsylvania state prison for drug-related offenses. While in prison, Baney aided a co-conspirator in filing false tax returns to the Internal Revenue Service ("IRS") for other inmates. Baney was charged in an Information with aiding or assisting in making false statements to the IRS in violation of 26 U.S.C. § 7206(2). He waived presentment to the grand jury, agreeing to proceed on the information, and then pleaded guilty.

The United States Probation Office calculated a sentencing guideline range of eighteen to twenty-four months, to be served consecutively to his ongoing state sentence. The Guidelines range ultimately adopted by the District Court was eight to fourteen months. At sentencing, Baney requested a sentence of six to seven months and also requested that the sentence be imposed immediately, to run concurrently with his state sentence. The Government agreed that the sentence should run concurrently, but requested a sentence within the Guidelines range. The court imposed a sentence of twelve months of imprisonment, to take effect immediately and to run concurrently with his state sentence. After his anticipated release from state custody in March 2022, Baney

2

would serve approximately eight months of his federal sentence in federal custody.[1] Baney requested the sentence be adjusted to twelve months and one day, so that he could benefit from the good time adjustment with the Bureau of Prisons. The court declined that request. Baney timely appealed.

## II.[2]

Baney argues that the sentence imposed was procedurally deficient and substantively unreasonable. Because Baney did not object to the sentence contemporaneously, we review the District Court's judgment for plain error. Fed. R. Crim. P. 52(b). To establish plain error, Baney must show (1) an error, (2) that is plain, and (3) affects substantial rights. See United States v. Williams, 974 F.3d 320, 340 (3d Cir. 2020). If all three elements are established, it is within this Court's "sound discretion" to correct the error, but only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).[3]

Baney cannot meet this burden. We begin with the asserted procedural error. Procedural errors in sentencing include "failing to calculate (or improperly calculating)

---

[1] The Government represents, and Baney's counsel does not dispute, that Baney was paroled from his state sentence in March 2022.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] The Government argues that Baney waived, rather than merely forfeited, any objection to the sentence and that we should not consider this appeal at all. We will assume here that the objection was not waived and will apply plain error review.

3

the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Azcona-Polanco, 865 F.3d 148, 152 (3d Cir. 2017) (quoting United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)).

When imposing the sentence, the District Court stated that it had "considered the factors set forth in 18 U.S.C. Section 3553(a)" without elaborating further. Appendix ("App.") 22. Baney asserts this constitutes reversible procedural error. See 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence[.]"). We disagree. On appeal, we "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Rita v. United States, 551 U.S. 338, 347 (2007). And although district courts should explain their reasoning in order to "satisfy the appellate court" that a reasoned basis for the sentence exists, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Id. at 356. Where a case is "conceptually simple" and "the record makes clear that the sentencing judge considered the evidence and arguments," a lengthy explanation is not required. Id. at 359.

That is the case here. The sentence imposed reflects a compromise of the positions advanced by both parties at sentencing: the District Court granted Baney part of his request, by ordering that the sentence run concurrently with his state sentence, and granted part of the Government's request by imposing a sentence within the Guidelines

4

range. This indicates that the court listened to and considered all arguments. Baney spoke at his sentencing, where he stated that his behavior was "unacceptable," apologized to the court, and stated that he knew he had to "pay the penalty" for his actions. App. 21. The sentence was not the top of the Guidelines range, and was well below the statutory maximum of thirty-six months. This was a straightforward case, due in large part to Baney's acceptance of responsibility early on. The District Court's straightforward sentencing was not plain error. Cf. Azcona-Polanco, 865 F.3d at 154 (holding that even assuming arguendo that the lack of explanation by the sentencing judge was a clear or obvious error, the error did not affect the defendant's substantial rights given the facts of the case established by the record).[4]

Baney next argues that even if the District Court's sentence was procedurally sound, it was not substantively reasonable. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Friedman, 658 F.3d 342, 360 (3d Cir. 2011) (quoting Tomko, 562 F.3d at 568). We presume that a sentence within the Guidelines range is reasonable, and we consider the totality of the circumstances. Id. Baney argued for a lower sentence, so he has preserved his challenge to the sentence's substantive unreasonableness and we will therefore review

---

[4] Finally, even if Baney could show that the first three elements of plain error review were met, we would not exercise our discretion to correct the error because the asserted error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732. Baney received a sentence within the range he and his able counsel negotiated with the Government and which, as explained below, is a fair sentence based on the conduct.

it for abuse of discretion. See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020) (holding that "[n]othing more" than "a criminal defendant advocat[ing] for a sentence shorter than the one ultimately imposed" is required to "preserve the claim that a longer sentence is [substantively] unreasonable"); United States v. Wilson, 960 F.3d 136, 151 (3d Cir. 2020) (reviewing defendant's substantive unreasonableness claim under an abuse of discretion standard because the defendant had preserved his claim by requesting a lower sentence than the one ultimately imposed); United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("[A] substantive objection to the sentence that a court will impose is noted when made and need not be repeated after sentencing[.]").

The sentence imposed here was eminently reasonable. The sentence fairly balanced Baney's acceptance of responsibility with the seriousness of the crime and the fact that he committed the crime while incarcerated for other conduct. Moreover, since the sentence was imposed concurrently, the actual time spent serving the federal sentence alone will total less than twelve months. Given all these factors, we cannot say that no reasonable sentencing court would have imposed the same sentence.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.