**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1112
_____

UNITED STATES OF AMERICA

v.

ANTHONY GATLING,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cr-00020-001)
U.S. District Judge:  Honorable Chad F. Kenney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 6, 2023
_____

Before:  SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed: October 11, 2023)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, Circuit Judge.

Anthony Gatling appeals his conviction and sentence for possession of a firearm by a convicted felon. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Law enforcement searched Gatling's home and found two firearms and ammunition. At the time of the search, Gatling had a prior felony conviction in New York for attempted criminal possession of a weapon in the second degree. Thereafter, Gatling was charged with, and entered a guilty plea to, possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the District Court adopted the Presentence Investigation Report's ("PSR") Guidelines range of twelve to eighteen months' imprisonment. The Government requested a sentence within the Guidelines range, while Gatling requested a variance based on the 18 U.S.C. § 3553(a) factors to enable him to receive a sentence of home detention rather than imprisonment. The District Court imposed a sentence of one day's imprisonment and three years' supervised release, which included a term of six months' home detention with various exceptions including allowing Gatling to work.[1]

Gatling appeals, and his counsel has moved to withdraw under Anders.

_____

[1] The District Court also imposed a fine of $2,500 and a special assessment of $100.

2

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).[3]

To determine whether counsel has fulfilled her obligations, we examine the

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court transferred jurisdiction over Gatling's supervised release to the United States District Court for the Northern District of Ohio, which accepted such jurisdiction under 18 U.S.C. § 3605 after Gatling's sentencing. See United States v. Gatling, 4:23-cr-00204, ECF No. 5 (N.D. Ohio Apr. 14, 2023). We are not, however, deprived of jurisdiction because this appeal requires us to evaluate Gatling's conviction and sentence, which occurred before the case was transferred. See United States v. Lall, No. 3:20-cr-00223, 2023 WL 4045139, at *2 (D.N.J. June 16, 2023) (explaining that while 18 U.S.C. § 3605 grants the transferee court certain powers over the defendant's supervised release, "[n]othing in the relevant statutory scheme supports the conclusion that [it] is the appropriate forum to hear [the d]efendant's challenges to his conviction and the imposition of his sentence."); cf. United States v. Caicedo, 341 F. App'x 403, 403-04 (10th Cir. 2009) (nonprecedential) (stating that arguments relating to matters before a § 3605 transfer remained with the original court).

[3] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83, 83 n.6 (1988).

3

*Anders* brief to see if it (1) shows that she has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal. First, the brief demonstrates a thorough examination of the record and identifies one potentially nonfrivolous issue: the reasonableness of Gatling's sentence.[4] Second, the brief explains why any challenge to the sentence would be frivolous under the governing law. Therefore, counsel's brief is sufficient, and there are no nonfrivolous issues warranting an appeal.[5]

B

Gatling's sentence is procedurally and substantively reasonable. The District Court followed United States v. Gunter's three-step procedure, which requires that a district court (1) calculate the applicable Guidelines range, (2) consider departure

---

[4] Because Gatling pled guilty, his appellate issues were limited to the District Court's jurisdiction, the voluntariness of his plea, and the reasonableness of his sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Counsel appropriately did not raise arguments regarding the Court's jurisdiction or the voluntariness of Gatling's plea because such arguments would be plainly frivolous. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and a review of the plea colloquy shows that Gatling's guilty plea was voluntary and knowing in compliance with the Constitution and Federal Rule of Criminal Procedure 11.

[5] Gatling has not filed a pro se brief identifying additional issues despite having the option to do so.

motions, and (3) meaningfully consider all relevant § 3553(a) factors. 462 F.3d 237, 247 (3d Cir. 2006).[6] Here, the District Court first identified the applicable sentencing guideline and correctly calculated the Guidelines range.[7] Second, there were no departure motions. Third, the Court addressed the § 3553(a) factors, balancing the seriousness of Gatling's conduct and his prior conviction against mitigating factors, such as Gatling's difficult upbringing, employment, and minimal criminal history. It thus gave "rational and meaningful consideration" to the § 3553(a) factors. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The Court therefore complied with Gunter and imposed a procedurally reasonable sentence.

Gatling's sentence was also substantively reasonable.[8] A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. As to the term of imprisonment, the District Court imposed a one-day sentence. While this is well below the Guidelines range, we cannot conclude that no judge would have imposed such a sentence under the facts of this case. The length and conditions of

---

[6] Because Gatling did not raise any procedural objections at sentencing, we review the procedural reasonableness of his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

[7] The District Court adopted the PSR's Guidelines range, which accurately calculated a range of twelve to eighteen months' imprisonment based on the total offense level of twelve and criminal history category of II. The total offense level captured Gatling's acceptance of responsibility for his actions.

[8] We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

Gatling's supervised release are also reasonable. The District Court considered the relevant statutory factors and concluded that supervised release, including a term of home detention, was warranted given his offense, lack of criminal history, conduct after being charged, and employment. Gatling's view that his compliance with the conditions of his pretrial release and acceptance of responsibility should have further reduced any supervised release conditions does not make the sentence unreasonable.[9] Thus, any challenge to the substantive reasonableness of Gatling's sentence would lack merit.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

[9] Gatling is permitted to work, but according to his counsel, Gatling wishes to modify the conditions of his home detention so that he can work overtime. At sentencing, the District Court instructed Gatling that any desired exceptions to those conditions should be raised with the probation office in the district court overseeing his supervised release. To the extent that the probation office does not authorize an exception, Gatling may make an application to that court under 18 U.S.C. § 3583.