**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1832, 23-2130, 23-3155
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-15-cr-00168-001)
Chief U.S. District Judge:  Honorable Mark R. Hornak
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2024
_____

Before:  SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed: October 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Frederick Banks appeals, among other things, the District Court's (1) amended judgment and (2) supervised release revocation judgment. For the following reasons, we will affirm.

I

A jury found Banks guilty of four counts of wire fraud (Counts Two through Five) and one count of aggravated identity theft (Count Six). Although the victims did not suffer an actual loss, the District Court imposed an enhancement that captured the sizeable intended loss of $324,000 under U.S.S.G. § 2B1.1(b)(1)(G), and sentenced Banks to 104 months' imprisonment and three years' supervised release.[1] Banks appealed and we remanded because our precedent allows an enhancement for only actual losses. United States v. Banks, 55 F.4th 246, 255-58, 262 (3d Cir. 2022).[2]

At the resentencing, the District Court calculated a revised Guidelines range of twelve to eighteen months for Counts Two through Five, followed by a consecutive term

---

[1] This sentence was based on an upward variance from the advisory Guidelines range of fifty-seven to seventy-one months' imprisonment to eighty months for Counts Two through Five, and a mandatory consecutive term of twenty-four months' imprisonment for Count Six. The Court also imposed three years' supervised release on Counts Two through Five and one year supervised release on Count Six. The imprisonment terms on Counts Two through Five were imposed concurrently with Count Six to run consecutively. The terms of supervised release were to run concurrently.

[2] After the resentencing, Banks's counsel moved to withdraw, and Banks moved to proceed pro se. Following a hearing, the District Court (1) held counsel's motion in abeyance pending receipt of information about Banks's financial eligibility for appointed counsel, and (2) denied Banks's motion to proceed pro se, reasoning that his waiver of counsel was involuntary because he said that he was "being forced into" representing himself. SA 43-44.

2

of twenty-four months for Count Six. The Court again upwardly varied and resentenced Banks to the original 104-month sentence and three years' supervised release based on the seriousness of his offense conduct and post-offense behavior, and not the intended loss, and a view that a within-Guidelines sentence would be "wholly insufficient to meet the purposes of sentencing." App. 270.

Banks was on supervised release at the time of his resentencing and, before the resentencing, he had been charged with violations of his conditions of release. Among other things, Banks allegedly failed to (1) truthfully answer his probation officer's questions, (2) notify or get approval from his probation officer to move to a new home, (3) allow his probation officer to inspect his new home, and (4) notify his probation officer that he obtained employment. At Banks's revocation hearing, the District Court heard testimony from Banks and his probation officers and found that Banks (1) violated the conditions of his release, and (2) provided false testimony about his living arrangements and employment during the revocation hearing. For these Grade C supervised release violations, Banks faced a Guidelines range of five to eleven months' imprisonment. The Court, however, imposed a revocation sentence of thirteen months' imprisonment, followed by six months' supervised release, reasoning that the Guidelines range was insufficient to meet the purposes of sentencing.

Banks appeals,[3] challenging both his resentencing on his convictions and the sentence received for his supervised release violations.[4]

---

[3] Because Banks has counsel, we will not consider his pro se submissions. United States v. Turner, 677 F.3d 570, 579 (3d Cir. 2012).

[4] Banks also appeals the order that denied his request to proceed pro se, arguing that the District Court erred by failing to complete the colloquy set forth in United States v. Peppers, 302 F.3d 120 (3d Cir. 2002). This argument is premised on a misunderstanding of the law. In the context of a supervised release revocation hearing, a defendant's waiver of counsel must be "knowing and voluntary under a totality of the circumstances." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (internal quotation marks and citation omitted). "This standard does not require any 'rigid or specific colloquies,'" such as the fourteen-point colloquy set forth in Peppers, or any "magic words." Id. Instead, the court is required only to inquire about "the [defendant's] comprehension of the charges against him and . . . his appreciation of the nature of the rights afforded him by Rule 32.1." Id. Here, the District Court confirmed that Banks was not under the influence of drugs or alcohol and was aware of (1) the nature of charges against him and the penalties he faced, (2) his right to counsel and standby counsel, and the advantages of having trained counsel, and (3) the procedures for revocation of his proceedings, including his right to a hearing, and the rules that apply to such a hearing. After covering these topics, Banks stated that he was "being forced into" waiving his right to counsel. SA 43. Because his statement conveyed that his actions were not free and voluntary, the Court concluded that it could not grant Banks's request to proceed pro se at that time. We will affirm this ruling because, whether under plenary or plain error review, the record shows that the District Court committed no error in denying Banks's request to waive counsel because Banks told the Court that he felt coerced into his decision. Manuel, 732 F.3d at 291; United States v. Booker, 684 F.3d 421, 425 (3d Cir. 2012). In addition, the District Court did not err by (1) not completing the entire Peppers colloquy, as (a) no such colloquy was required, Manuel, 732 F.3d at 291; and (b) even if Peppers applied, the only topics not covered were those (i) urging Banks not to represent himself, Peppers, 302 F.3d at 136; and (ii) confirming whether Banks wanted to represent himself despite the penalties he faced and difficulties of self-representation, id.

## II[5]

## A[6]

Banks's substantive reasonableness challenge to his sentence on the underlying offenses lacks merit.[7] To be substantively reasonable, the record of the sentencing proceeding must, as a whole, reflect rational and meaningful consideration of the 18 U.S.C. § 3553(a) factors. See United States v. Grier, 475 F.3d 556, 571-72 (3d Cir. 2007) (en banc). We will affirm a court's sentencing determination "unless no reasonable sentencing court would have imposed the same sentence on [the defendant] for the reasons the district court provided." Tomko, 562 F.3d at 568.

Here, Banks acknowledges that the District Court considered the § 3553(a) factors in justifying its upward variance but contends that it did not adequately explain why the variance was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Banks is incorrect. In resentencing Banks to his original 104-month sentence, the Court explained that (1) the "principal basis" for the original sentence was not the intended loss, but rather, Banks's conduct, App. 270, and (2) the recalculated, within-Guidelines sentence was "wholly insufficient to meet the purposes of sentencing," App. 270, because Banks (a) committed serious offenses, which

---

[5] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231, 3583(e), and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[6] We review the substantive reasonableness of a sentence for abuse of discretion and give "due deference" to the district court's application of the 18 U.S.C. § 3553(a) factors. United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (citation omitted).

[7] Banks withdrew his procedural reasonableness challenge.

were "amplified" by his decades-long record of fraudulent conduct, App. 269; (b) continued his troubling conduct while on release, including by filing fraudulent involuntary bankruptcy petitions in the names of individuals involved in investigating and prosecuting his state crimes; and (c) lacked remorse and failed to accept responsibility. The Court also recognized the need for specific and general deterrence. The Court's explanation for its upward variance "is exactly the type of 'reasoned appraisal' to which we defer on review." United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009) (quoting Kimbrough v. United States, 552 U.S. 85, 111 (2007)). Accordingly, because we cannot say that no reasonable sentencing court would have imposed the same sentence, Banks's substantive reasonableness challenge fails.[8]

B[9]

Banks's procedural and substantive reasonableness attacks on his revocation sentence also fail. As to procedural reasonableness, Banks does not challenge the District Court's compliance with United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). He argues only that it was error to impose a revocation sentence of thirteen months'

---

[8] Banks's arguments to the contrary—that (1) there was no actual monetary loss to the financial institutions, (2) the Court did not find that the amount of money Banks attempted to obtain was out of the ordinary in a federal wire fraud and aggravated identity theft case, and (3) Amendment 821 eliminates criminal history "status" points under U.S.S.G. § 4A1.1(e) for certain defendants and therefore lowers the advisory Guidelines range —do not warrant a different conclusion because Banks's fraudulent conduct and his post-release behavior justify his sentence.

[9] Because Banks did not object to the procedural reasonableness of his revocation sentence, we review any procedural challenge for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of his sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

imprisonment, which exceeded the advisory Guidelines range of five to eleven months, followed by six months' supervised release on Count Six, because (1) he served his sentence on Count Six before his revocation sentence was imposed, and (2) the total length of the revocation sentence violates 18 U.S.C. § 3583(h) because it exceeds the one-year maximum term of supervised release authorized for Count Six.

As to the first argument, at the time of the revocation proceeding, Banks was serving a three-year term of supervised release on Counts Two through Five, which ran concurrent with the one-year term on Count Six. Even if we assume that Banks's sentence as to Count Six was discharged before the revocation sentence was imposed, Banks's three-year term of supervised release was ongoing, so the Court had the authority to revoke the term and require Banks to serve "all or part of the term of supervised release" in prison. 18 U.S.C. § 3583(e)(3).

As to the second argument, 18 U.S.C. § 3583(h) limits the length of a term of supervised release that follows a revocation sentence, not the total length of the revocation sentence, and this limitation on additional supervised release was not exceeded here. See 18 U.S.C. § 3583(h) (providing that the term of supervised release that follows a revocation prison term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release"). Because the six-month term of supervised release does not exceed the thirty-

six-month term of supervised release authorized by statute for the underlying offenses[10] minus the thirteen-month revocation prison term, there was no error, and thus the revocation sentence was procedurally reasonable.

Moreover, the sentence was substantively reasonable because we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. In concluding that the two-month above-Guidelines sentence was the "minimum sentence necessary to meet the purposes of sentencing," App. 491, the Court focused on Banks's breach of the Court's trust, as demonstrated by his (1) repeated violations of the terms of his release, including his failure to provide accurate information to probation officers and (2) attempt to further conceal these violations by knowingly providing false testimony about his living arrangements and employment at his revocation hearing. See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) ("A district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust."). The Court also explained that the sentence was necessary to (1) protect the public, because Banks is "a dangerous man" with a "devastating" history of destroying lives through his fraudulent acts, App. 490-91; and (2) deter Banks, given his "willingness to flout the . . . law" and "interfer[e] with [his conditions of] supervised release," App. 491. Accordingly, because we cannot say that no reasonable sentencing court would have

---

[10] Terms of supervised release may only run concurrently, see 18 U.S.C. § 3624(e), so here, the term of supervised release authorized by statute for the underlying offenses was thirty-six months.

8

imposed the same revocation sentence, Banks's substantive reasonableness challenge fails.[11]

III

For the foregoing reasons, we will affirm.

---

[11] That Banks received above-Guidelines sentences for both the underlying offenses and supervised release violations does not make those sentences unreasonable. See United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007) ("[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable."); United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007) (same).